**Stanley L. FREEMAN, Jr.**

v.

**TOWN OF SOUTHPORT.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1989.
Decided Jan. 9, 1990.

Roger R. Therriault (orally), Bath, for plaintiff.

Ronald E. Colby, III (orally), Hiscock & Barclay, Augusta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

This case involves a challenge to a decision of a planning board concerning zoning law by the filing of a complaint in the Superior Court pursuant to M.R.Civ.P. 80B without first appealing that decision to the town's zoning board of appeals. We affirm the dismissal of the complaint by the Superior Court (Lincoln County, *Lipez, J.*) for failure of the plaintiff to exhaust administrative remedies.

On December 17, 1988, the Town of Southport Planning Board granted an application by Laird Cleaver to expand a nonconforming structure on property he owned on Southport's oceanfront. Stanley L. Freeman, Jr., an abutter and the plaintiff in this action, objected to the application. Freeman filed a complaint under M.R.Civ.P. 80B in Superior Court, appealing the decision of the Planning Board. The defendant, the Town of Southport ("Town"), in its answer, moved to dismiss for lack of exhaustion of administrative remedies because Freeman did not appeal the Planning Board decision to the Southport Zoning Board of Appeals. The Superior Court granted the Town's motion to dismiss, and this appeal by Freeman followed.

30 M.R.S.A. § 2411 (Pamph.1988) authorized a municipality to establish a zoning board of appeals and allowed the municipality to vest the board with appellate authority.[1] 30 M.R.S.A. § 4963(1) (Pamph.1988) provided as follows:

A board of appeals is established in any municipality which adopts a zoning ordinance. The board of appeals shall hear appeals from actions or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to the Superior Court has been provided by municipal ordinance. Such board of appeals shall be governed by section 2411....[2]

---

[1]. 30 M.R.S.A. § 2411 (Pamph.1988) provided in pertinent part:

1. **Establishment.** A municipality may establish a board of appeals under its home rule authority....

....

4. **Jurisdiction.** Any municipality establishing a board of appeals may vest the board with the power to hear any appeal by any person, affected directly or indirectly, from any decision, order, rule or failure to act of any officer, board, agency, or other body where such appeal is necessary, proper or required. No board may assert jurisdiction over any matter unless the municipality has by ordinance or charter specified the precise subject matter that may be appealed to the board and the official or officials whose action or nonaction may be appealed to the board.

Effective February 28, 1989, 30 M.R.S.A. § 2411 is codified at 30-A. M.R.S.A. § 2691. *See* P.L. 1987, ch. 737, pt. C, § 106, *amended by* P.L.1989, ch. 9, § 2 & ch. 104, pt. C, §§ 8, 10.

[2]. Effective February 28, 1989, 30 M.R.S.A. § 4963 is codified at 30-A M.R.S.A. § 4353. *See* P.L.1989, ch. 104, pt. C, § 10.

The Town of Southport had established a zoning board of appeals.

In *Cushing v. Smith*, 457 A.2d 816, 819–20 (Me.1983), we held that the statutory scheme set out in 30 M.R.S.A. §§ 2411 and 4963(1) required that appeals from planning board decisions dealing with zoning laws be taken to the municipal zoning board of appeals before review of that decision can be sought in the Superior Court. The failure to take such an appeal to the zoning board of appeals subjected the Superior Court complaint to dismissal for failure to exhaust administrative remedies. *Id. See also Lakes Envtl. Ass'n v. Town of Naples*, 486 A.2d 91, 95 (Me.1984); *Fletcher v. Feeney*, 400 A.2d 1084, 1090 (Me.1979).

■ Freeman advances two reasons why *Cushing* should not apply to his complaint. First he argues that although the Town did establish a zoning board of appeals under 30 M.R.S.A. § 2411(1), it did not, under section 2411(4), vest the Zoning Board of Appeals with authority to hear this case. In *Cushing*, we interpreted sections 2411 and 4963(1) together as requiring that appeal of a zoning law be routed through the zoning board of appeals, even though the ordinance in *Cushing* did not provide such a route of appeal. Indeed, we held that a provision of the ordinance in *Cushing* providing an avenue of appeal directly to the Superior Court was in derogation of the statutory scheme requiring review by the zoning board of appeal and, consequently, of no effect.[3] *Cushing*, 457 A.2d at 820. The statutes, read together, revealed a purpose to require that disputes over zoning laws be reviewed, at least initially, by the local zoning board of appeals. "The courts should not establish themselves as zoning boards for municipalities and immediate recourse to the courts must be avoided both to prevent circumvention of the statutory scheme and to allow interested parties the fuller opportunity for participation offered by local boards." *Fletcher*, 400 A.2d at 1090.

■ We also reject Freeman's second contention, that *Cushing* does not apply because this case is not a "zoning" appeal within the meaning of 30 M.R.S.A. § 4963(1). *See Levesque v. Inhabitants of the Town of Eliot*, 448 A.2d 876, 877 (Me. 1982) (land subdivision ordinance not a zoning ordinance and appeal from planning board's decision dealing with such ordinances need not be appealed to zoning board of appeals unless town conferred jurisdiction upon zoning board of appeals to hear such appeals). Zoning laws are those that "involve[ ] ... a particularistic division of the city into zones for the purpose of applying different proscriptions and reasonable application of different regulations in the different zones." *Benjamin v. Houle*, 431 A.2d 48, 49 (Me.1981) (quotations omitted). *See also* 30 M.R.S.A. § 4962(1)(H) (1988). In this case, the Planning Board interpreted Section V(7)(b) of the Town Ordinance. Section III of the Ordinance divides the Town into residential and resource protection districts. Section V pertains to residential usage. Section V(7)(b) limits additions to nonconforming structures in the residential district. Moreover, under 38 M.R.S.A. § 435 (1989), all shoreland "within 250 feet of the normal high water line of any great pond, river or saltwater body" is subject to zoning and land-use controls. Cleaver's land is within 250 feet of the ocean and thus subject to zoning controls.

The Southport Planning Board is the agency designated to make the initial determination as to the expansion of a nonconforming structure under Section V(7)(b) of the Southport Ordinance. As such, it is "the office charged with the enforcement of the zoning ordinance as contemplated by 30 M.R.S.A. § 4963(1)." *Cushing*, 457 A.2d at 819 (quotations omitted). Freeman's failure to appeal the Planning Board

---

**3.** Because that provision was relied upon by the plaintiffs in *Cushing*, on remand they were allowed to be heard before the zoning board of appeals. Subsequent to our decision in *Cushing*, the legislature amended 30 M.R.S.A. § 4963(1) to allow direct appeal of zoning decisions to Superior Court, bypassing the zoning board of appeals, provided the municipality enacted an ordinance providing for such a direct appeal. P.L.1983, chs. 475 & 633. No such ordinance was enacted by the Town of Southport.

decision to the Zoning Board of Appeals subjects his Superior Court complaint to dismissal for failure to exhaust administrative remedies. *Id.* at 819–20.

The entry is:

Judgment affirmed.

All concurring.