**814**

Richard JARRETT, et al.

v.

TOWN OF LIMINGTON, et al.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1989.
Decided March 14, 1990.

Maxine Paul Pouravelis (orally), Law Offices of R. John Wuesthoff, Portland, for plaintiffs.

James N. Katsiaficas (orally), William H. Dale, Jensen, Baird, Gardner & Henry, Portland, for Town of Limington.

Jacquelyn M. Kurz (orally), Bourque & Clegg, Portland, for Patten Corp.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Plaintiffs Richard Jarrett, Mary Jane Jarrett, Sherwood Libby and J. Lorraine Libby appeal a Superior Court judgment (York County, *Perkins, J.*) affirming the Limington Planning Board's approval of a proposed subdivision of Patten Corporation of Maine. We vacate the judgment because the Board erred in waiving certain standards of the subdivision ordinance.

The Board approved Patten's application to subdivide into eight lots a 52 acre parcel of land on the Saco River. In the Board's grant of approval it waived four requirements of the Planning Board Standards for Reviewing Land Subdivisions (Subdivision Ordinance). The ordinance contains a waiver provision, section 12.2, which provides in part: "Where the Planning Board finds that, due to special circumstances of a particular Plan, the provision of certain required improvements is not requisite in the interest of public health, safety, and general welfare ... it may waive such requirements...." Assuming, without deciding, that this waiver provision is valid, we examine the record before the Board and conclude that it could not properly grant these waivers. *See Lakes Envtl. Ass'n. v. Town of Naples*, 486 A.2d 91, 94 (Me.1984).

■ First, the Board determined that a public water supply system was not feasible and properly allowed individual wells to be used. The Board, however, waived the requirement of section 10.5.1 that the wells be installed at the expense of the subdivider. The waiver was based on evidence of the availability of an adequate water supply to serve each lot and on the Board's conclusion that requiring the subdivider to *install* individual wells would constitute an "unnecessary hardship." Section 10.5.1 does not require the subdivider to install the wells. The Board simply has not stated any justification for waiving the requirement that wells be installed *at the expense* of the subdivider. Moreover, under section 12.2, only "the provision of certain required improvements" may be waived. The installation *expense* requirement is not an "improvement" and cannot be waived.

■ Second, the Board waived a requirement of section 10.6.1 of the Subdivision Ordinance that individual septic tanks be installed at the expense of the subdivider. The Board waived this requirement on the basis that the lots exceed five acres and a soils scientists stated that a subsurface waste disposal system could be installed on each lot without causing environmental damage or adversely affecting public health, safety and welfare. The parties do not dispute that because the soils in issue are poorly suited to use as septic absorption fields, specially designed septic systems would be needed. If the purpose of Section 10.6.1 is to insure that septic systems are properly installed and buyers are protected against unexpected expenses in meeting the applicable requirements, waiving the installation expense requirement when these expenses may be unusually high contravenes its purpose. The fact that the lots are over five acres is irrelevant because the subdivider is not required to choose a location and build the septic systems, but merely to absorb their cost. Moreover, the installation expense requirement, like that applied to wells, cannot be waived.

■ Third, the Board waived the following provision of section 10.6.1: "In no instance shall a septic disposal system be allowed in soils rated poor or very poor for such purpose by the Soil Suitability Guide for Land Use Planning in Maine [ (Soil Suitability Guide) ]." The Board waived the soil suitability standards on the basis that the requirements of the Limington Land Use and Zoning Ordinance and the State of Maine Subsurface Wastewater Disposal Rules (Plumbing Code) had been met. A failure of the proposed subdivision to meet the standard of the Subdivision Ordinance, even if it does meet the requirements of the Zoning Ordinance and the Plumbing Code, does not constitute a "special circumstance" as required under the Subdivision ordinance for a waiver. The soil suitability standard is not an improvement and cannot be waived under section 12.2. Moreover, the plain language of section 10.6.1 prohibits waiver of the standard.

■ Fourth, the Board waived section 10.5.2, which requires the subdivider to demonstrate by test or by affidavit that the water meeting *Public Health Service, Drinking Water Standards, 1962* can be supplied. Because this requirement is not an improvement it too may not be waived under section 12.2. Finally, the plaintiffs argue that a soil suitability requirement of the Zoning Ordinance was not met. Although we vacate on other grounds and do not reach this issue, we note that the Zoning Ordinance provides that Planning Board decisions administering the Zoning Ordinance are to be appealed to the Board of Appeals rather than directly to the Superior Court. 30–A M.R.S.A. § 4353(1) (Pamph.1989) (former 30 M.R.S.A. § 4961–A); Limington Land Use and Zoning Ordinance, art. V, § 5.4. *See Freeman v. Town of Southport*, 568 A.2d 826 (Me. 1990).

The entry is:

Judgment vacated.

Remanded with instructions to remand to the Planning Board for further proceedings consistent with the opinion herein.

All concurring.