Donald McCARTHY, et al.

v.

CITY OF SOUTH PORTLAND, et al.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1990.
Decided March 16, 1990.

Marshall J. Tinkle (orally), John R. Bass, Thompson, McNaboe, Ashley & Bull, Portland, for plaintiffs.

Steven C. Fletcher (orally), Corp. Council, South Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Developers Donald McCarthy and Mardon Corporation appeal a Superior Court judgment (Cumberland County, *Alexander, J.*), following a non-jury trial, in favor of the City of South Portland and the South Portland Planning Board. In a declaratory judgment and M.R.Civ.P. 80B action the developers challenged the validity of a moratorium ordinance and alleged that, even if the ordinance was validly enacted, the plaintiffs' site plan application was pending at the time of enactment. We affirm the trial court's findings that the ordinance was properly enacted and that the plaintiffs' site plan application was not pending and therefore was subject to the moratorium.

McCarthy and Mardon Corporation want to develop a 190-unit apartment complex on eleven acres located partly in an industrial zone on Hayden Street in South Portland. Before the moratorium was adopted, the zoning ordinances of the City of South Portland authorized residential housing with a density allowance of 17 units per acre in industrial zones. In April 1987 the City Manager proposed that the City Council adopt an emergency ordinance imposing a moratorium on residential development in industrial zones. Because a unanimous vote is required for an emergency ordinance, the ordinance was defeated by a vote of four in favor to three opposed. The developers submitted subdivision and site plan applications on June 1, 1987. On the same date, pursuant to a motion to reconsider, the City Council passed the ordinance after deleting from the preamble language indicating it was to be enacted as an emergency ordinance. However, the end of the amended ordinance retained an "emergency clause" stating that the ordinance would take effect upon passage. The Planning Board notified the developers that their subdivision application was complete but that their site plan application was incomplete and, due to the moratorium, no fur-

ther materials would be accepted to complete it. Later an ordinance permanently barring residential development in industrial zones was adopted.

■ The developers contend that because the "emergency clause" was not deleted from the moratorium ordinance it was enacted as an emergency ordinance, and therefore it was inoperative because the ordinance did not receive the requisite unanimous vote. The trial court found that the ordinance "was not an emergency ordinance, but an ordinance adopted in the regular course of business." We infer that the trial court found that the failure to delete the emergency clause was inadvertent, and that the ordinance was not intended to be adopted as an emergency ordinance. This finding was not clearly erroneous. *See Leadbetter v. Morse*, 510 A.2d 524, 526 (Me.1986). We need not address the City's argument that an ordinance that is intended as an emergency ordinance may nevertheless pass with a majority vote as an ordinary ordinance.

■ Next the plaintiffs argue that the ordinance is invalid because no advance notice of reconsideration was given and because the councilor who moved for reconsideration had no authority to do so. Section 2–43 of the South Portland Code provides that a motion for reconsideration may be made at the next succeeding regular meeting, as occurred in this case. Therefore the developers had constructive notice of the motion. Even though the councilor who moved for reconsideration was in the minority, he had voted against passage and was on the prevailing side. Although Section 2–43 requires that a motion to reconsider be made by one who had voted in the majority, this must be interpreted to require that the movant be on the prevailing side on a motion that fails to pass due to an insufficient majority. *Robert's Rules of Order Newly Revised* at 309 (1990).

■ Finally, we conclude that the court's determination that the developers' application was not pending on June 1, 1987 within the meaning of 1 M.R.S.A. § 302 (1989) is supported by the record and is not clearly erroneous. *See Waste Disposal, Inc. v.*

*Town of Porter*, 563 A.2d 779, 781–82 (Me. 1989) and *Larrivee v. Timmons*, 549 A.2d 744, 746–47 (Me.1988).

The entry is:

Judgment affirmed.

McKUSICK, C.J., and GLASSMAN, HORNBY and COLLINS, JJ., concurring.

WATHEN, Justice, dissenting.

I do not agree that the ordinance was validly enacted. Therefore, I respectfully dissent.

The Charter for the City of South Portland establishes separate and distinct procedures for the enactment of regular ordinances and emergency ordinances. An emergency ordinance requires a statement of the emergency, a unanimous vote and takes effect immediately upon passage at the first reading. An ordinary ordinance requires only a majority vote and takes effect twenty days after final passage at a second reading. The proposed moratorium was first presented as an emergency measure and failed for lack of a unanimous vote. As a result of a motion to reconsider, an amended ordinance was presented to the City Council. Although the amendment deleted some of the emergency language from the preamble, the body of the amended ordinance included the following clause: "EMERGENCY CLAUSE. In view of the emergency cited in the preamble, this ordinance shall take effect upon passage by the City Council." The preamble provided in part that "[i]mmediate enactment of this Moratorium is imperative...." The ordinance received a favorable vote of 6 to 1. It is undisputed that the Moratorium was not validly enacted as an emergency measure because the vote was not unanimous.

The City contends that "[n]oncompliance with Charter procedure for enactment of emergency ordinances does not render an ordinance void; it merely postpones the time of taking effect." The City argues that an ordinance designated as an emergency ordinance that fails to gain a unanimous vote, becomes an "ordinary" ordi-

nance by operation of law if it receives a majority vote at two separate readings. The City refers us to 5 McQuillin, *Municipal Corporations* § 15.40 (3rd ed. 1989) for this rather startling proposition. In fact the cited text does not even address the argument. The meager authority that exists, holds to the contrary. *See Id.* at § 13.31.

In reaching its decision, the Superior Court totally ignored the express words of the ordinance and simply declared that the ordinance was "adopted in the regular course of business." In reviewing that decision, the Law Court first infers that the trial court found an inadvertent failure to delete the emergency clause. Having thus framed the issue, the Court then upholds the "factual finding" without addressing the City's argument.

Because I can find no basis for severing the express language of the emergency clause, I would rule as a matter of law that the subject ordinance was presented as an emergency measure. It is beyond all dispute that the measure was not validly enacted by a unanimous vote. Accordingly, I would vacate the judgment upholding the ordinance and explicitly reject the City's contention that an ordinance unsuccessfully proposed as an emergency measure is nevertheless enacted as an ordinary ordinance if it receives a majority vote.