2000 ME 81

**Michael LaFOSSE**

v.

**James CHAMPAGNE.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 14, 2000.

Decided May 10, 2000.

Susan E. Oram, Bonneau & Geismar, LLC, Lewiston, for plaintiff.

Ron E. Hoffman, Rumford, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] James Champagne appeals from an order of the Superior Court (Franklin County, *Studstrup, J.*) denying his M.R. Civ. P. 60(b) motion for relief from a default judgment entered by the Superior Court (*Mills, J.*). The default followed Champagne's failure to file a timely answer to Michael LaFosse's complaint for foreclosure on a mortgage note secured by Maine real estate. On appeal, Champagne's primary argument is that the default judgment is void because service of process was insufficient and, therefore, the court lacked personal and subject matter jurisdiction over him. We affirm.

I. CASE HISTORY

[¶ 2] Michael LaFosse was the assignee of a mortgage note given by James Champagne to one Charles Royer. From the record, it appears that the note had been in default due to Champagne's lack of payment over several years. On September 3, 1998, LaFosse filed a complaint for foreclosure. Locating Champagne apparently proved a challenge. Ultimately, LaFosse's counsel obtained a certificate from the United States Postal Service indicating that Champagne had advised the Postal Service that his residence was at a designated address in Lincolnville, Maine. The address was also the residence of Champagne's sister.

[¶ 3] On February 11, 1999, a deputy sheriff served the complaint and summons on Champagne's sister at the residence in Lincolnville. Service was pursuant to M.R. Civ. P. 4(d)(1) which permits personal service to be accomplished by leaving copies of the complaint and summons "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." The return of service was filed with the court on February 18, 1999. It was accompanied by an affidavit from the deputy sheriff indicating that he accomplished service by delivering the complaint and summons to Champagne's sister. The deputy indicated that Champagne's sister had accepted the complaint, advised that Champagne lived at the address and stated that Champagne would

return the following night or that weekend from a trip to Canada.

[¶ 4] Approximately two weeks later, on or about February 23, 1999, Champagne's sister returned an envelope containing the complaint and summons to LaFosse's counsel.

██ [¶ 5] No timely answer to the complaint was filed. In May 1999, LaFosse sought a default on the complaint.[1] Default judgment was apparently entered on or about May 18, 1999, although not docketed until June 1999. In July, LaFosse's counsel sent a letter to Champagne advising him of the default judgment. The letter was sent to the Lincolnville address designated by the post office and, according to another affidavit in the file, the letter was sent by regular mail, with a return address indicated, but was never returned as undeliverable.

[¶ 6] On August 6, 1999, Champagne, through counsel, filed a motion to set aside the default judgment. Supporting the motion was an affidavit by Champagne's sister stating that when the deputy appeared, she had advised the deputy that Champagne was out of the country, did not live at the home, and only stayed with her when he was in the area on business. Despite this information, Champagne's sister's affidavit indicated the deputy handed her the envelope containing the summons and complaint and left.

[¶ 7] In support of the motion to set aside the default, Champagne's counsel argued that Champagne was a resident of Florida and not of Maine and that because he was not a regular resident at the Lincolnville home, the service attempted by leaving the documents with his sister at that residence was insufficient to gain jurisdiction over Champagne. No affidavit or other document was included in the record from Champagne himself stating his residence or any other information relevant to the adequacy of service question.

[¶ 8] After a hearing on September 24, 1999, the court (*Studstrup, J.*) denied relief from default, determining that the information regarding residence in the deputy sheriff's affidavit was more credible and, thus, proper service on Champagne had been accomplished on February 11, 1999. Accordingly, the default judgment remained in effect. From the order denying relief from the default judgment, Champagne filed this timely appeal.

## II. DISCUSSION

██ [¶ 9] Service is complete upon an individual pursuant to M.R. Civ. P. 4(d)(1) when the complaint and summons are left at the individual's dwelling or usual place of abode with a person of suitable age and discretion then residing at the home. If the version of the events stated in the deputy's affidavit was correct, service was completed when Champagne's sister agreed to accept the papers for Champagne, whom she indicated lived at the home and would return from Canada the next day or that weekend. While there were competing versions of the events as indicated by Champagne's sister's affidavit, neither party asked for a testimonial hearing. Thus, apparently, both parties were content to present the issue to the court based on the competing affidavits and argument of counsel.

 [¶ 10] We review a denial of a motion for relief from a default judgment for an abuse of discretion and will vacate the judgment only if the denial works a plain and unmistakable injustice against the defendant. *See Peerless Div., Lear Siegler, Inc. v. U.S. Special Hydraulic Cylinders Corp.*, 1999 ME 189, ¶ 8, 742 A.2d 906, 908; *Foley v. Adam*, 638 A.2d

---

1. In moving for a default, LaFosse did not advise the court that the complaint and summons had been returned to his counsel by mail from the person upon whom the documents were served. Advising the court of that event would have been better practice, although service would have been complete upon a valid acceptance of service by Champagne's sister at a place that had been indicated as Champagne's regular place of abode.

718, 719 (Me.1994). The moving party bears the burden of producing competent evidence to support the motion. *See Foley*, 638 A.2d at 719. An officer's return of service is accorded "a presumption of regularity" that may be overcome by "positive evidence that the defendant was not in fact served." *Id.* at 720. Factual findings adverse to the moving party are reversed only if the record compels a contrary conclusion. *See id.* at 719.

[¶ 11] Considering the manner in which the parties presented the issues to the court, the court did not abuse its discretion in accepting the version of the events stated in the deputy's affidavit, determining that service of process had been properly completed and denying the motion to set aside the default. The statements in the deputy's affidavit were corroborated by other materials in the record including: (i) the certificate from the post office indicating that Champagne had designated the Lincolnville address as his street address; (ii) the subsequent affidavit indicating that a letter had been sent to that address to Champagne and had not been returned; and (iii) the fact that the deputy's affidavit was made relatively contemporaneously with the service of process while the counter-affidavit of Champagne's sister was prepared and filed much later.

The entry is:

Order denying relief from entry of default judgment is affirmed.