2000 ME 181

**Marilyn HODSDON et al.**

v.

**TOWN OF HERMON et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 2000.

Decided Oct. 26, 2000.

Paul J. Morrow, Esq., Law Offices of Carl D. McCue, Hampden, for plaintiffs.

Edmond J. Bearor, Esq., Rudman & Winchell, LLC, Bangor, (for Town of Hermon), Wayne R. Foote, Esq., Foote & Temple, Bangor, (for Walter & Virginia Munn), for defendants.

Panel: WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Marilyn Hodsdon and other plaintiffs [1] appeal from a judgment entered in the Superior Court (Penobscot County, *Marden, J.*) affirming the Town of Hermon Planning Board decision approving Walter and Virginia Munns' second site plan to build a restaurant. Hodsdon contends that the Board lacked authority to hear the Munns' second application and that it lacked sufficient evidence to support its decision. Because we find that the Superior Court lacked jurisdiction to hear the Rule 80B appeal, however, we do not reach the merits of plaintiffs' contentions.

[¶ 2] The procedural facts may be summarized as follows: The Munns sought to construct a 40–seat restaurant on the Billings Road in Hermon. Because the total development area was in excess of 25,000 square feet, no construction could commence until the Planning Board reviewed the plans pursuant to section 8.16 of the Town of Hermon Zoning Ordinance. The Munns filed an application with the Planning Board for site plan approval in July 1998, and, after hearings, the Board denied the application. The Munns subsequently filed a second site plan application. During the review process on the second application, the Munns submitted additional information. With this new information, the

1. Suzette Connolly, Lori Spencer, Rosemary Gilbert, Julie Berry, Cheryl Gallant, Mary L. Danforth, Loreanne Zelko, John Worthley, Karen Economy, William Miller, George Small, Paula Small, Wendall Leonard, Jo Leonard, Maria Cox, Richard Cox, John Benge, Stacey Benge, Bronislaw Zawojda, Elzbieta Zawojda, Larry Charloux, Candace Charloux, Chris Reynolds, Michelle Reynolds, Walter Gurschick, and Leona Gurschick are the other plaintiffs.

Board approved the second site plan, concluding that the proposed development met the conditions that it had not met in the prior application. Hodsdon and other abutters filed a Rule 80B appeal in the Superior Court. The court affirmed and plaintiffs appeal to this Court.

[¶ 3] Although not raised by the parties or addressed by the Superior Court, we must consider *sua sponte* whether the Superior Court had jurisdiction to hear the appeal. Plaintiffs brought this appeal from a decision of the Planning Board approving a site plan pursuant to section 8.16 of the Town's zoning ordinance. Direct appeals from a decision of a planning board to the Superior Court on issues of zoning are allowed only if the municipal ordinance so provides. *See* 30–A M.R.S.A. § 4353(1) (1996);[2] *Perkins v. Town of Ogunquit*, 1998 ME 42, ¶ 5 n. 5, 709 A.2d 106, 107 n. 5; *Freeman v. Town of Southport*, 568 A.2d 826, 828 & n. 3 (Me.1990); *see also George D. Ballard, Builder, Inc. v. City of Westbrook*, 502 A.2d 476, 479 n. 3 (Me.1985) (The Westbrook Ordinance provided: " 'An appeal from any order, relief, or denial of the planning board may be taken by any party to superior court in accordance with the Maine Rules of Civil Procedure, Rule 80B.' ")

[¶ 4] The zoning ordinance in this case is silent on appeal procedures from a site plan review. Section 8.16 establishes the procedure for site plan review. It provides that "[n]o development in excess of ... twenty five thousand (25,000) square feet of gross development area shall commence until the Planning Board has reviewed the plans." Hermon, Me.,

Zoning Ordinance § 8.16.1 (July 8, 1997). It does not provide for any appellate review—to either the board of appeals or the Superior Court. Article 9 establishes the administration of the ordinance. It sets forth the duties of the code enforcement officer, *id.* § 9.1.6, and of the board of appeals, *id.* § 9.2, but not the duties of the planning board. Section 9.2.4 is the only section concerning actions on appeal, and it provides for appeal to the Board of Appeals on only three types of appeal: (1) administrative appeal from a determination made by the code enforcement officer in enforcing the ordinance; (2) variance appeal from a recommendation made by the code enforcement officer; and (3) special exception use permit from an application from the code enforcement officer. The ordinance makes no provision for an appeal from a planning board decision.

[¶ 5] Nor can it be inferred that, because the board of appeals was not given authority to hear the appeal of the planning board, the ordinance intended that the appeal be directly to the Superior Court. *See Freeman v. Town of Southport*, 568 A.2d 826, 828 (Me.1990). In *Freeman*, an abutting landowner appealed a planning board's decision to expand a nonconforming structure without first appealing to the Town's zoning board of appeals. *See id.* at 827. We affirmed the Superior Court's dismissal of the appeal for failure of the plaintiff to exhaust administrative remedies. The plaintiff in that case argued that, although the Town established a zoning board of appeals under the then applicable statutes,[3] it did not vest the board of appeals with authority to hear the case. *See id.* at 828. We noted that we had previously interpreted prior statutes[4] to

---

2. The statute provides in part as follows: "The board of appeals shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance, unless only a direct appeal to Superior Court has been provided by municipal ordinance." 30–A M.R.S.A. § 4353(1) (1996).

3. The statutes in effect at the time were 30 M.R.S.A. §§ 2411 and 4963, which we noted

were respectively re-codified at 30–A M.R.S.A. §§ 2691 and 4353, effective February 28, 1989. *See Freeman*, 568 A.2d at 827 nn. 1 & 2.

4. The statute at the time of *Cushing* required that all appeals from the planning board go to the board of appeals before review could be sought in Superior Court. *See Cushing v.*

require appeal through the zoning board of appeals even though the ordinance did not provide such a route of appeal and allowed the plaintiffs on remand to be heard by the board of appeals. *See id.* & n. 3 (citing *Cushing v. Smith,* 457 A.2d 816, 819–20 (Me.1983)). We pointed out, however, that subsequent to *Cushing,* the legislature amended the statute to allow direct appeal "provided the municipality enacted an ordinance providing for such a direct appeal" and noted that no such ordinance was enacted by the Town of Southport. *Id.* Thus, we affirmed the dismissal for failure to exhaust administrative remedies. *See id.* at 828–29.

[¶ 6] Although we had previously recognized exceptions to the rule requiring exhaustion of administrative remedies for those circumstances where "(1) because of direct involvement of the reviewing body in the initial decision, administrative appeal would be futile, (2) only questions of law are involved, or (3) the reviewing body has no power to grant the requested relief," *Lakes Envtl. Ass'n v. Town of Naples,* 486 A.2d 91, 96 (Me.1984) (citation omitted), we did not address these exceptions in *Freeman.* Likewise, in this case, we find none of the exceptions are applicable. There was no direct involvement of the board of appeals in the planning board's decision, issues of fact were involved, and the Town could have provided the board of appeals with the power to grant the requested relief in its zoning ordinance. *See* 30–A M.R.S.A. § 4353(1) (1996); *see also, e.g., Kelly & Picerne, Inc. v. Wal*Mart Stores, Inc.,* 658 A.2d 1077 (Me.1995); *Rockland Plaza Realty Corp. v. LaVerdiere's Enter., Inc.,* 531 A.2d 1272 (Me.1987). Therefore, plaintiffs failed to exhaust their administrative remedies.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to dismiss

*Smith,* 457 A.2d 816, 819–20 & n. 7 (Me.

plaintiffs' appeal for failure to exhaust administrative remedies.