STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. AP-99-28
JLH-PEN-3 2/2001

Marilyn Hodsdon et al.,
      Appellants

v.

**ORDER ON APPEAL**

Town of Hermon,
      Appellees

and

Walter J. Munn et al.,
      Parties in Interest

FILED AND ENTERED
SUPERIOR COURT

MAR 02 2001

PENOBSCOT COUNTY

Marilyn Hodsdon and twenty-six other individuals (collectively, "Hodsdon") appeal directly from a decision of the Town of Hermon Planning Board ("the Board"), approving an application of the parties in interest, Walter Munn and Virginia Munn (collectively, "Munn"), for the construction of a campground on property owned by the Munns. On this appeal, Hodsdon contends that the Board did not have authority to approve Munn's application because of changes in the Town's ordinance relating to permitted uses. Hodsdon also argues that the Board's decision was not supported by sufficient evidence.

Subsequent to the submissions of the parties' briefs but prior to oral argument on this appeal, the Law Court issued its decision in <u>Hodsdon v.</u>

1

Town of Hermon, 2000 ME 181, 760 A.2d 221.[1] There, on the basis of the Town's ordinances that also control the proceeding at bar, the Court concluded that with three specific exceptions, the Superior Court does not have jurisdiction over an appeal taken directly from the Town's Planning Board. Id. ¶¶ 4-6, 760 A.2d at 222-23. At oral argument, the parties agreed that the Court's holding in Hodsdon is applicable to this case. Because the briefing schedule in this case did not allow the parties an opportunity to address the impact of the Law Court's decision in Hodsdon on this case, the court gave the parties leave to file additional argument on that issue if they wished to do so. None of the parties filed supplemental argument.

At oral argument, Hodsdon acknowledged that the Law Court's opinion in Hodsdon deprives the Superior Court of jurisdiction to consider her argument that the Board's decision was without sufficient factual support. Hodsdon contends, however, that her alternative argument is still viable. In that alternative challenge, she contends that the Board erred in considering Munn's application. In 1998, Munn first filed his application for construction of the campground, which was a permitted use under the ordinance in effect at that time. The Board consisdered that application at a meeting held in October 1998. Effective November 21, 1998, the Town amended its zoning ordinance to remove campgrounds as a permitted use in the district where Munn hoped to establish the campground. The Board had not issued a decision on Munn's application prior to the effective date

---

[1] The Law Court case involved the same parties who participate in the case at bar. That case, however, concerned Munn's application to build a restaurant, which would be on a parcel adjacent to the proposed campground at issue here.

2

of the zoning ordinance amendment. In February 1999, Munn filed a site plan review for the campground with the Board, which considered and ultimately approved the application. Hodsdon argues that Munn's application was not pending as of November 21, 1998, that the amended ordinance thus controlled Munn's application filed in February 1999 and that the Board was therefore without authority to approve the application on the basis of the ordinance that was effective prior to November 21, 1999.

At oral argument, Hodsdon urged that this direct challenge to the Board's decision is entirely a question of law and thus is cognizable under Hodsdon. 2000 ME 181, ¶ 6, 760 A.2d at 223 (a petitioner is not required to exhaust administrative remedies "where '(1) because of direct involvement of the reviewing body in the initial decision, administrative appeal would be futile, (2) only questions of law are involved, or (3) the reviewing body has no power to grant the requested relief. . . '" (emphasis added; citation omitted)). The second exception noted by the Law Court, which is the one pertinent to this case, can be traced back to Churchill v. S.A.D. 49 Teacher's Association, 380 A.2d 186 (Me. 1977).[2] There, one of the issues presented to the Court was whether a provision in a labor contract violated a statute that governed the scope of binding arbitration. The Court held that "[t]he issue of the legality of the . . . agreement in the instant case is one solely of law, wherein the special expertise of the

[2]This lineage leading back to Churchill is based not only on the substantive principle at issue, but also based on the specific authority cited by the Hodsdon Court: Hodsdon expressly relies on Lakes Environmental Association v. Town of Naples, 486 A.2d 91, 96 (Me. 1984), which relies on Northeast Occupational Exchange, Inc. v. Bureau of Rehabilitation, 473 A.2d 406, 410-11 (Me. 1984), which cites Churchill itself.

administrative agency would be of no significant benefit." Id. at 190. Consequently, the appellate courts had jurisdiction over the issue even though the administrative body had not passed on it. Id.

The legal basis for Hodsdon's challenge is found in 1 M.R.S.A. § 302. Under that law, ". . .proceedings pending at the time of the passage, amendment or repeal of an Act are not affected thereby." The statute goes on to provide:

> an application for a license or permit required by law at the time of its filing shall be considered to be a pending proceeding when the reviewing authority has conducted at least one substantive review of the application and not before. For purposes of this section, a substantive review of an application for a license or permit required by law at the time of application shall consist of a review of that application to determine whether it complies with the review criteria and other applicable requirements of law.

Id. Hodsdon argues that Munn's 1998 application had not given rise to a proceeding that was "pending" as of November 21, 1998, when the Town's zoning ordinance was amended in a way that, if applicable, would have foreclosed the proposed development. Under Hodsdon and Coolidge, this court could consider that claim only if the determination of a "pending proceeding" is a pure legal issue.

In McCarthy v. City of South Portland, 571 A.2d 833 (Me. 1990), the Law Court reviewed the trial court's determination that a development application was not pending on the date that a municipal ordinance was amended in a way that affected the merits of the application. The Court concluded that the trial court's determination "is supported by the record and is not clearly erroneous." Id. at 835. The "clearly erroneous" standard is one that is applied to factual findings. See, e.g., Tarbuck v. Jaekel, 2000

4

ME 105, ¶ 18, 752 A.2d 176, 181. Issues of law, on the other hand, are subjected to de novo appellate review. See, e.g. Bangs v. Town of Wells, 2000 ME 186, ¶ 9, 760 A.2d 632, 635. Because the McCarthy Court reviewed the issue of pendency for clear error, it treated the issue as one of fact rather than of law.[3]

The circumstances of this case support a similar conclusion. At the Board's hearing held on February 18, 1999, Hodsdon argued the November 1998 amendment to the Town's zoning ordinance deprived the Board of any authority to grant Munn's application. (R. 11, T. 13-18.) Despite this challenge, the Board ultimately rejected it (R. 11, T. 24) and approved the application (R. 17). The question of whether Munn's application had been subject to "at least one substantive review" within the meaning of section 302 called for the Board to consider its prior actions on Munn's application and the extent to which it had considered the merits of the proposal. These issues are predicated on historical fact, the Board's own understanding of its treatment of the application prior to November 21, 1998, and its assessment of the significance of the prior proceedings. In these ways, the Board's rejection of Hodsdon's argument was based on its fact-finding role and, in particular, on the "special expertise" that the Board can bring to bear on its assessment of the status of its consideration of Munn's application prior to November 21, 1998. See Churchill, 380 A.2d at 190.

For these reasons, the court concludes that Hodsdon's remaining

---

[3] On the other hand, as used in section 302, the meaning of the term "proceeding" is a question of law. Larivee v. Timmons, 549 A.2d 744, 746 (Me. 1988). In the case at bar, however, the parties do not question that the municipal process was a "proceeding" for purposes of the section 302 analysis.

5

challenge to the Board's decision is not a pure question of law and that, as a result, this court is without jurisdiction to consider the merits of her appeal.  See Hodsdon, 2000 ME 81, ¶ 6, 760 A.2d at 223.

The entry shall be:

For the reasons set out in the order dated March 1, 2001, the appeal is dismissed.

Dated:   March 1, 2001

_____
JUSTICE, SUPERIOR COURT

Date Filed __6/14/99__ PENOBSCOT _____ Docket No. _____ AP-99-28

County

Action ___80B APPEAL_____

Assigned to Justice Jeffrey L. Hjelm

MARILYN HOOSDON, of Hermon,
Penobscot County, Maine
and
SUZETTE CONNOLLY, of Hermon,
Penobscot County, Maine
and
LORI SPENCER, of Hermon,
Penobscot County, Maine
and
ROSEMARY GILBERT, of Hermon,
Penobscot County, Maine
and
JULIE BERRY, of Hermon,
Penobscot County, Maine
and
CHERYL GALLANT, of Hermon,
Penobscot County, Maine
and
MARY L. DANFORTH, of Hermon,
Penobscot County, Maine
and
LOREANNE ZELKO, of Hermon,
Penobscot County, Maine
and
JOHN WORTHLEY, of Hermon,
Penobscot County, Maine
and
KAREN ECONOMY, of Hermon,
Penobscot County, Maine
and
WILLIAM MILLER, of Hermon,
Penobscot County, Maine
and
GEORGE SMALL, of Hermon,
Penobscot County, Maine
and
PAULA SMALL, of Hermon,
Penobscot County, Maine
and
WENDALL LEONARD, of Hermon,
Penobscot County, Maine
and
JO LEONARD, of Hermon,
Penobscot County, Maine
and
MARIA COX, of Hermon,
Penobscot County, Maine
and

RICHARD COX, of Hermon,
Penobscot County, Maine
and
JOHN BENGE, of Hermon,
Penobscot County, Maine
and
STACEY BENGE, of Hermon,
Penobscot County, Maine
and
BRONISLAW ZAWOJDA, of Hermon,
Penobscot County, Maine
and
ELZBIETA ZAWOJDA, of Hermon,
Penobscot County, Maine
and
LARRY CHARLOUX, of Hermon,
Penobscot County, Maine
and
CANDACE CHARLOUX, of Hermon,
Penobscot County, Maine
and
CHRIS REYNOLDS, of Hermon,
Penobscot County, Maine
and
MICHELLE REYNOLDS, of Hermon,
Penobscot County, Maine
and
WALTER GURSCHICK, of Hermon,
Penobscot County, Maine
and
LEONA GURSCHICK, of Hermon,
Penobscot County, Maine

Petitioners

TOWN OF HERMON, Respondent and
WALTER J. MUNN & VIRGINIA MUNN,
Parties-in-Interest

vs.

Defendant's Attorney

RUDMAN & WINCHELL, LLC
P.O. BOX 1401
BANGOR, ME 04402-1401
BY: EDMOND J. BEAROR, ESQ.
FOR: TOWN OF HERMON, RESPONDENT

WAYNE R FOOTE, ESQ.
P O BOX 1576, BANGOR ME 04402-1576
FOR: Walter & Virginia Munn

Review of Governmental Action M.R. Civ.P. 80B filed.

Briefing Schedule - 80B Appeal of Governmental Actions form
Plaintiff's counsel and to Town of Hermon Town Clerk.

Return of Service as to Virginia Munn filed (s.d. 6/16/99)

Return of Service as to Walter J. Munn filed (s.d. 6/16/99)

Appearance filed by Edmond J. Bearor, Esq., on behalf of
Town of Hermon.

Service on behalf of Town of Hermon by Edmond J. Bearor,
s.d. 6/22/99)

Appearance on behalf of Parties-in-Interest Walter J. Munn, Sr.
Munn filed by Wayne R. Foote, Esq.

Motion for Extension fo Time filed.
E by 8/9/99)

Upon consideration of the Petitioners' motion for
time, and based upon the materials submitted, that
NTED, and it is ORDERED that Petitioner's brief and
all be filed by August 9, 1999. (Marsano, J.) Copy
attorneys of record.

Brief filed.

eal Volume I and II filed by Petitioners' attorney.

8/13/99 | Motion to Enlarge Deadline for Responding to Petitioner's Brief Filed
by Parties-In-Interest Walter J. Munn, Sr. and Virginia Munn.

TOWN OF HERMON, Respondent and
WALTER J. MUNN & VIRGINIA MUNN,
                    Parties-in-Interest

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GROSS MINSKY MOGUL & SINGAL<br>P O BOX 917 – 23 Water Street<br>BANGOR ME 04402-0917<br>BY: Daniel A. Pileggi, Esq. | RUDMAN & WINCHELL, LLC<br>P.O. BOX 1401<br>BANGOR, ME 04402-1401<br>BY:  EDMOND J. BEAROR, ESQ.<br>FOR:  TOWN OF HERMON, RESPONDENT<br>WAYNE R FOOTE, ESQ.<br>P O BOX 1576, BANGOR ME 04402-1576<br>FOR: Walter & Virginia Munn |

| Date of Entry | |
|---|---|
| 6/14/99 | Petition for Review of Governmental Action M.R. Civ.P. 80B filed. |
| 6/15/99 | Notice and Briefing Schedule – 80B Appeal of Governmental Actions form forwarded to Plaintiff's counsel and to Town of Hermon Town Clerk. |
| 6/22/99 | Officer's Return of Service as to Virginia Munn filed (s.d. 6/16/99) |
| 6/22/99 | Officer's  Return of Service as to Walter J. Munn filed (s.d. 6/16/99) |
| 6/24/99 | Entry of Appearance filed by Edmond J. Bearor, Esq., on behalf of Respondent Town of Hermon. |
| 6/25/99 | Acceptance of Service on behalf of Town of Hermon by Edmond J. Bearor, Esq. filed (s.d. 6/22/99) |
| 7/6/99 | Entry of Appearance on behalf of Parties-in-Interest Walter J. Munn, Sr. and Virginia Munn filed by Wayne R. Foote, Esq. |
| 7/22/99 | Petitioners' Motion for Extension fo Time filed.<br>(to file brief by 8/9/99) |
| 7/27/99 | Order filed.  Upon consideration of the Petitioners' motion for extension of time, and based upon the materials submitted, that motion is GRANTED, and it is ORDERED that Petitioner's brief and the record shall be filed by August 9, 1999.  (Marsano, J.)  Copy forwarded to attorneys of record. |
| 8/9/99 | Petitioners' Brief filed. |
| 8/9/99 | Record of Appeal Volume I and II filed by Petitioners' attorney. |
| 8/13/99 | Motion to Enlarge Deadline for Responding to Petitioner's Brief Filed by Parties-In-Interest Walter J. Munn, Sr. and Virginia Munn. |