STATE OF MAINE

SOMERSET, ss.

SHEILA and ALAN NELSON,

        Plaintiffs

    v.

GREENPOINT CREDIT CORP.
and AMES MOBILE HOME
SALES, INC.,

        Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-043

REC'D & FILED
Wendy M. Robinson

JUL 0 2 2001

Clerk of Courts
Somerset County

**DECISION AND ORDER**

This matter is before the court on defendant Ames Mobile Home Sales, Inc.'s motion for partial summary judgment and defendant Greenpoint Credit Corp.'s motion to set aside default and default judgment.

The plaintiffs purchased a mobile home from Ames Mobile Home Sales, Inc. Ames moved the home onto a lot located in Skowhegan. The Nelsons have filed a three-count complaint alleging, in count I, that Ames negligently installed the mobile home on its pad, negligently connected the septic system, and negligently left wires exposed. The second count alleges that Ames negligently constructed and installed stairs to the mobile home. They claim that as a result, plaintiff Sheila Nelson sustained injuries that have and will continue to require medical attention. The third count is Alan Nelson's claim for loss of consortium.

Defendant Ames has moved for summary judgment as to count I of plaintiffs' complaint and further seeks summary judgment on count III of the complaint to the extent it is based upon the allegations in count I.

Defendant Greenpoint Credit Corp., as part of its regular business, financed the purchase of the mobile home by the plaintiffs. Documents also indicate that defendant

Greenpoint was the seller of the mobile home because the unit the plaintiffs purchased had previously been repossessed by defendant Greenpoint. Greenpoint argues that the default and default judgment should be set aside because it did not receive notice or have any record of service of the complaint and summons upon it. The complaint was filed in the action on July 31, 2000. The Greenpoint summons indicates that a Kennebec County Sheriff served the complaint and summons on Greenpoint on August 11, 2000, through LEXIS Document Services, Inc., Greenpoint's registered agent for service of process in Maine.

A summary judgment is proper when the citations to the record found in the parties' Rule 7(d) statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to judgment as a matter of law. *See Corey v. Norman, Hanson & Detroy*, 1999 ME 196, ¶ 7, 742 A.2d 933, 937. "A summary judgment is proper when the party that bears the burden of proof on an essential element at trial has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." *June Roberts Agency v. Venture Properties*, 676 A.2d 46, 48 (Me. 1996). This means that the party opposing a motion for summary judgment "must establish a *prima facie* case for each element of his cause of action." *Barnes v. Zappia*, 658 A.2d 1086 (Me. 1995).

Ames's argument is that the plaintiffs have not established the damages element of a negligence cause of action. In addition, Ames also argues that these damages, to the extent that they are compensable, are properly brought as a breach of contract claim rather than a negligence claim. For the most part, defendant's argument is correct. That is, the plaintiffs generally have failed to establish any injury suffered by them as a result of the installation of the mobile home. Deposition testimony reveals

2

that most of the costs incurred by Nelson were a result of the allegation in count II, the negligent installation of a stairway. However, when counsel inquired of plaintiff if he suffered any damages from the allegation in counts I, the plaintiff responded in the negative. However, plaintiff also makes it clear in his deposition that he did construct a box to cover the exposed wiring. This testimony is sufficient to satisfy, at least for summary judgment purposes, the damages element of count I. While the deposition testimony reveals that plaintiff had to reinstall the septic system, involving a great deal of exposure of the defendant to raw sewage, there were no damages other than the unpleasant task of wallowing in one's waste. Therefore, the motion can only be denied to the extent the count addresses the exposed wiring. As the complaint relates to the askew manner in which the mobile home was placed on its pad, the plaintiffs have failed to explain how they were damaged.

To the extent that Ames argues the installation was controlled by a contract and therefore the negligence claim must be dismissed, under our liberal notice pleading rules, the plaintiffs could plead in the alternative a contract claim. This is a matter of jury instruction.

Defendant Greenpoint filed a motion to set aside default judgment which was entered against it in the amount of $225,000. The court may grant relief from a default judgment upon a showing that the default was due to excusable neglect. M.R. Civ. P. 60(b)(1). Excusable neglect is shown by a "reasonable excuse for the default and a meritorious defense." *Theriault v. Gauthier,* 634 A.2d 1255, 1256 (Me. 1993). Greenpoint's main argument is that it never actually received notice. This is rebutted by the plaintiffs' submission of an affidavit from the deputy which served the Greenpoint's Augusta agent. There is a factual dispute as to what happened rather than

3

the more simple task of determining whether the circumstances constitute excusable neglect. The case law puts the burden on the moving party to come forward with positive evidence to controvert the "presumption of regularity" afforded a return of service by an officer. *Foley v. Adam*, 638 A.2d 718, 720 (Me. 1994) cited in *LaFosse v. Champagne*, 2000 ME 81, ¶ 10, 750 A.2d 1254, 1256, 1257. The *Foley* court concluded that the movant's claim that he did not receive actual notice was overcome not only by the presumption of regularity of return of process by an officer but by an affidavit of the officer confirming that he knew the individual that was served and did not falsify records that he had served him. Likewise, in *Champagne*, the court affirmed the Superior Court's order denying a motion to set aside default on similar evidence. *Champagne*, 2000 ME 81 at ¶ 10. The officer here has submitted such an affidavit.

The entry will be:

> For reasons stated herein, defendant Ames Mobile Home Sales, Inc.'s motion for summary judgment as it relates to the placement of the mobile home on the pad and the connection of the septic system is GRANTED; defendant Ames Mobile Home Sales, Inc.'s motion for summary judgment as it relates to exposed wires is DENIED; Greenpoint Credit Corp.'s motion to set aside default and default judgment is DENIED; defendants' motion to stay execution is moot by agreement of the parties.

Dated: June 29, 2001

Donald H. Marden
Justice, Superior Court

4