CIVIL ACTION
DOCKET NO. CV-16-062



ANDREW MICHAUD &
DIANA BERNIER

        Plaintiffs,

v.

STATE FARM, an Illinois company
doing business in the state of Maine

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
SUMMARY JUDGMENT MOTION

JUN 29 '17 PM 4:21
ANDRO SUPERIOR COUR

Before the court is Defendant State Farms's motion for summary judgment on Plaintiffs Andrew Michaud's and Diana Bernier's breach of contract claim. For the following reasons, Defendant's motion is granted.

I.    Background

On July 3, 2014, Plaintiff Bernier insured a motorcycle with State Farm. (Supp.'g S.M.F. ¶¶ 9, 11.) The policy was cancelled for nonpayment on October 27, 2014. (Supp.'g S.M.F. ¶ 28.) On June 30, 2015, Plaintiff Michaud was involved in a motor vehicle accident while operating the motorcycle. (Supp.'g S.M.F. ¶¶ 1-2.) State Farm refused to pay for the damages. (Pl.'s Compl. 11.) On May 12, 2016, Plaintiffs filed a complaint alleging State Farm had breached its contract by refusing to pay for damages to the motorcycle. On May 8, 2017, State Farm filed this motion for summary judgment.

II.    Standard of Review

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact

exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871). The court will consider "only the portions of the record referred to, and the material facts set forth in the [M.R. Civ. P. 56(h)] statements." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646 (internal quotation marks omitted). When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party, and will give that party the benefit of all reasonable inferences. *Lewis v. GEICO Gen. Ins. Co.*, 600 F. Supp. 2d 220, 221 (D. Me. 2009); *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

III.    Discussion

In support of the motion, State Farm argues that the motorcycle policy had been canceled for nonpayment prior to the accident. (Def.'s Mot. Summ. J. 8-9.) State Farm argues that a cancellation notice sent to Plaintiff described her right to request a hearing before the Superintendent of Insurance, which Plaintiff Bernier did not request within the time allowed. (Def.'s Reply in Support of Mot. Summ. J. 5; Supp.'g S.M.F. ¶ 23.) Furthermore, State Farm argues that Plaintiff Bernier changed the policy prior to the accident from "full" road coverage to comprehensive coverage which did not cover motor vehicle collisions. (Def.'s Mot. Summ. J. 9; Supp.'g S.M.F. ¶ 18.) Plaintiff Bernier argues that she did not receive a cancellation notice, and that she paid for a year of coverage when she purchased the insurance, and she denies that she changed the policy. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 1, 2; Opp. S.M.F. ¶ 18.)

a.    *Cancellation of coverage*

The cancellation of a policy for nonpayment of premium is permissible, but the insurer must satisfy statutory notice requirements. 24-A M.R.S. §§ 2914(1), 2915. Specifically, cancellation is not effective unless notice is received by the named insured at least 10 days prior to the effective date of cancellation, where a postal service certificate of mailing to the named insured at the insured's last known address is conclusive proof of receipt. 24-A M.R.S. § 2915. The Legislature's use of the word "unless" is indicative of its intent to require that insurers comply strictly with the statute's terms. *Me. Bonding & Cas. Co. v. Knowlton*, 598 A.2d 749, 750 (Me. 1991). If there is any deficiency in the last known name or address, the conclusive proof presumption is not available. *Schmitt v. Horace Mann Ins. Co.*, No. CV-07-514, 2008 Me. Super. LEXIS 190, at *5-6 (Oct. 22, 2008). An insurer that fails to comply with the statutory method of cancellation, is generally precluded from asserting that the policy has been cancelled. *Blanchet v. Assurance Co. of Am.*, 2001 ME 40, ¶ 7, 766 A.2d 71.

State Farm provided postal service receipts to show that a cancellation notice was mailed on October 9, 2014 to "10 WILDWOOD DR APT 5" in Lewiston, Maine. (Supp.'g S.M.F. ¶ 21.) Plaintiff Bernier admits to having received insurance cards from State Farm at "the 10 Wildwood address." (Opp. S.M.F. ¶ 16.) Despite not being sure of the exact apartment number, (Opp. S.M.F. ¶ 26), Plaintiff Bernier does not claim to have moved or to have notified State Farm that she moved from the Wildwood address between the date she received the insurance cards and the date on which the cancellation notice was mailed. Based on the evidence that State Farm was compliant with the requirements for cancellation, Plaintiff Bernier has failed to generate any genuine issue of material fact as to the effectiveness of the cancellation notice.

*b.*    *Exhaustion of administrative remedies*

State Farm argues that Plaintiff Bernier waived her right to litigate in this court the cancellation of her policy, because she could have raised, but did not raise, the issue before the Bureau of Insurance. (Def.'s Reply in Support of Mot. Summ. J. 5.)

"The doctrine of exhaustion of administrative remedies requires a party to proceed in the administrative/municipal arena until all possible administrative remedies are exhausted before initiating action in the courts." *Levesque v. Eliot*, 448 A.2d 876, 878 (Me. 1982). The Law Court has recognized exceptions where: (1) because of direct involvement of the reviewing body in the initial decision, administrative appeal would be futile, (2) only questions of law are involved, or (3) the reviewing body has no power to grant the requested relief. *Hodsdon v. Town of Hermon*, 2000 ME 181, ¶ 6, 760 A.2d 221. The notice describing the right to request an administrative hearing must meet any applicable statutory requirements in order to trigger the running of an appeal period. *Freeport v. Greenlaw*, 602 A.2d 1156, 1161 (Me. 1992).

None of the recognized exceptions to the doctrine of exhaustion of remedies applies here. *See Cushing v. Smith*, 457 A.2d 816, 821 (Me. 1983). Furthermore, the Bureau of Insurance with statutory jurisdiction over an appeal from the cancellation of an insurance policy existed at the time Plaintiffs Bernier appealed to this court. *Id.* Plaintiff Bernier does not challenge adequacy of the content of the cancellation notice sent by State Farm, *cf. Freeport*, 602 A.2d at 1161, but that she did not receive the notice which described her rights to administrative review, (Opp. S.M.F. ¶¶ 26-30). Because State Farm has presented proof of receipt of the notice of cancellation by Plaintiff Bernier (see above), the court finds Plaintiff Bernier failed to exhaust her administrative remedies. The 30-day window after receipt of notice during which she could have requested a hearing has expired. Judicial review for error in the cancellation of

Plaintiff's policy or whether she made changes to her policy is not available in this court.

IV.     Conclusion

Defendant's motion for summary judgment is GRANTED.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: _____6/29/17_____

_____
Mary Gay Kennedy
Justice, Superior Court

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2016-00062

**DOCKET RECORD**

Attorney for: ANDREW MICHAUD
VERNE E PARADIE JR - RETAINED
PARADIE SHERMAN WALKER & WORDEN
217 MAIN ST SUITE 400
LEWISTON ME 04240


DIANA BERNIER  - PLAINTIFF

Attorney for: DIANA BERNIER
VERNE E PARADIE JR - RETAINED
PARADIE SHERMAN WALKER & WORDEN
217 MAIN ST SUITE 400
LEWISTON ME 04240


vs
STATE FARM - DEFENDANT

Attorney for: STATE FARM
J WILLIAM DRUARY JR - RETAINED 06/22/2016
MARDEN DUBORD BERNIER & STEVENS PA LLP
44 ELM STREET
PO BOX 708
WATERVILLE ME 04901

TIMOTHY HELMS OUT   - DEFENDANT

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/12/2016

## Docket Events:

05/13/2016 FILING DOCUMENT - COMPLAINT FILED ON 05/12/2016

05/13/2016 Party(s):  ANDREW MICHAUD
           ATTORNEY - RETAINED ENTERED ON 05/12/2016
           Plaintiff's Attorney: VERNE E PARADIE JR

           Party(s):  DIANA BERNIER
           ATTORNEY - RETAINED ENTERED ON 05/12/2016
           Plaintiff's Attorney: VERNE E PARADIE JR

06/10/2016 Party(s):  STATE FARM
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/26/2016
           STATE FARM INSURANCE THROUGH KALENE HORNSBY

06/10/2016 Party(s):  STATE FARM
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/08/2016

06/20/2016 Party(s):  TIMOTHY HELMS OUT
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 06/06/2016
           TIMOTHY HELMS

06/20/2016 Party(s):  TIMOTHY HELMS OUT
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 06/13/2016