STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-028

BRUCE R. STILLINGS and
SUZANNE L. STILLINGS,

Plaintiffs

v.

DONALD L. GARBRECHT
LAW LIBRARY

SEP 12 2002

ORDER
AND
DECISION

TOWN OF NORTH BERWICK and
TOWN OF NORTH BERWICK
ZONING BOARD OF APPEALS,

Defendants

The plaintiffs are owners of a long narrow lot on Roberts Road in North Berwick in the town's Farm and Forest District. The lot is apparently about 129 feet wide. The zoning requirements for their zoning district require 75 foot side setbacks. Given the width of their lot those side setbacks, if fully enforced, would preclude the construction of any buildings, including a single family home.

In April of 2001 the plaintiffs applied for and were granted a setback variance for single family homes pursuant to 30-A M.R.S.A. §4353 (4-B) and Section 6.8.2(c)(3) of the North Berwick Zoning Ordinance. The variance is restricted such that "... it may not exceed twenty (20%) percent of a setback requirement." The 20% variance reduced the 75 feet by 15 feet leaving two 60 foot side setbacks with only 9 feet left for a building. This type of variance is limited to residential construction, would not allow any commercial buildings and does not permit any practical construction

given the limitation of nine feet and the separate restriction on narrow mobile homes in the district.

A regular variance was sought in February of 2002 to reduce the side setback to 40 feet on each side. That request was denied by the North Berwick Zoning Board of Appeals and this appeal followed. The plaintiffs' complaint to the Superior Court consisted of three counts. Count I is a standard appeal pursuant to Rule 80B, M.R.Civ.P. Counts II and III raise state and federal takings issues and have been separated from Count I. Only Count I is currently before this Court.

While the variance was denied on several grounds the central issue is whether "the land in question can not yield a reasonable return unless a variance is granted." 30-A M.R.S.A. §4353(4)(A). The burden is on the applicant to demonstrate that all of the criteria for a variance are met. *Goldstein v. City of South Portland,* 1999 ME 66, ¶4, 728 A.2d 164, 165.

The permitted land uses for the farm and forest district are found in a table on page 4-9A of the Town's ordinance. Nurseries, gardening and timber harvesting are permitted. While it may be that none of those activities will yield a reasonable return, the evidence in the record does not address some of the alternative uses and does not discuss timber harvesting in any detail. Based on the current record the plaintiffs have not shown that the land can not yield a reasonable return. I do find, in the event of further appeal or a new application before the Board, that all of the other requirements for an additional variance, of some magnitude, have been met.

2

The entry is:

Decision of the North Berwick Zoning Board of Appeals is affirmed. Judgment for the defendants on Count I of the complaint. The parties shall within 21 days submit a proposed order regarding the scheduling of Counts II and III.

Dated:     September 9, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
CHRISTOPHER S NEAGLE ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME   04112-0586

DEFENDANT:
WILLIAM L PLOUFFE ESQ
DRUMMOND WOODSUM & MCMAHON
PO BOX 9781
PORTLAND ME   04104-5081

3