**Carol A. RADIN**

v.

**Timothy J. CROWLEY, III et al.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1986.
Decided Oct. 28, 1986.

Smith & Elliott, Karen B. Lovell (orally), Saco, for Radin.

Woodman & Edmands, James F. Molleur (orally), Biddeford, for Crowley.

Potter & Jamieson, Roderick H. Potter (orally), Saco, for intervenors.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The plaintiff, Carol A. Radin, appeals from the judgment of the Superior Court, York County, affirming a decision of the City of Saco Zoning Board of Appeals that denied her application for two side yard setback variances. Radin contends that the side yard setback requirement of fifteen feet imposed by section 510 of the Saco Zoning Ordinance is unreasonable as applied to her lot. We affirm the judgment.

Carol A. Radin owns one of the few remaining undeveloped lots in the Ferry Beach area of Saco, a "seasonal residential" district. Saco, Me., Zoning Ordinance § 503. The Saco Zoning Ordinance imposes side yard setback requirements of fifteen feet for lots in "seasonal residential" districts. *Id.* at § 510. The majority of the lots in Ferry Beach are nonconforming uses not in compliance with the side yard setback requirement.

On November 21, 1984, Radin applied to the defendant, building inspector for the City of Saco, for a building permit for a house. Because the proposed house was thirty feet wide and the lot fifty feet wide, Radin requested a side yard setback variance of five feet on either side. The building inspector denied the request for variances, whereupon Radin appealed to the Saco Zoning Board of Appeals.

The Board held two public hearings to consider Radin's appeal. After receiving considerable testimony both in support of and in opposition to the granting of variances, the Board reviewed the statutory requirements of 30 M.R.S.A. § 4963(3) (Supp.1985)[1] to determine whether Radin had proved that denial of the variances would cause her undue hardship. Specifically, the Board found that Radin had not met statutory requirements A and B: that the lot could yield a reasonable return without the variance and the need for a variance was not owing to unique circumstances of the property. The Board therefore unanimously denied Radin's appeal. She then filed a complaint in the Superior Court pursuant to M.R.Civ.P. 80B and 30 M.R.S.A. § 2411 (1978 & Supp.1985).

Radin initially developed a twofold attack in the Superior Court. First, she contended that the Board's findings as to the statutory requirements regarding yielding a reasonable return and uniqueness of the property were arbitrary and capricious. Second, she contended that section 510 of the Saco Zoning Ordinance was unreasonable

---

1. 30 M.R.S.A. § 4963(3) reads in pertinent part: **Variance.** A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:
   A. That the land in question cannot yield a reasonable return unless a variance is granted;

   B. That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;
   C. That the granting of a variance will not alter the essential character of the locality; and
   D. That the hardship is not the result of action taken by the applicant or a prior owner.

as applied to her lot. Later Radin conceded the validity of the Board's application of the statutory undue hardship requirements and proceeded solely on the theory that, the correctness of the Board's action notwithstanding, the setback requirement was unreasonable as applied to her lot. The Superior Court affirmed the Board's decision.

When the Superior Court acts as an intermediate appellate court reviewing the action of a board of appeals, as here, no presumption of validity attaches to its judgment, and the Law Court will directly examine the record as developed before the board. *Marchi v. Town of Scarborough*, 511 A.2d 1071, 1072 (Me.1986). We must determine whether the decision of the Board was unlawful, arbitrary, capricious or unreasonable. *Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me.1982).

■ Radin mainly argues that uniformity is the overriding purpose of zoning and that she should therefore be permitted to build a structure that, though nonconforming, fits in with the present nonconforming uses in the immediate area. But she misconstrues both the nature of the uniformity imposed by zoning and the method by which uniformity is attained. As we have had occasion to point out before, an essential policy of zoning is to "gradually or eventually eliminate nonconforming uses as speedily as justice will permit." *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 105 (Me.1984); *see also Keith v. Saco River Corridor Commission*, 464 A.2d 150 (Me.1983). Thus it is uniformity as defined by the comprehensive zoning ordinance, not by the presence of nonconforming uses in the area, that is the goal of zoning. If Radin's logic were followed, no municipality could ever effectively impose restrictions on areas with a large number of extant nonconforming uses, for exceptions and variances would of necessity be granted almost as a matter of course.

■ The proper inquiry is whether application of the side yard setback requirement to Radin's lot arbitrarily deprives her of a beneficial use of her land without materially advancing any of the police power purposes underlying and justifying enactment of the requirement. Setback requirements serve numerous purposes. They ensure passage of light and air, prevent the spread of fire, provide access to firefighters and other emergency personnel and their vehicles, and prevent overcrowding. *See* 2 P. Rohan, *Zoning and Planning* § 34.06 (1986); 8 E. McQuillin, *Municipal Corporations* § 25.140 (1983); *see also Lapointe v. City of Saco*, 419 A.2d 1013, 1015 (Me. 1980) (purposes of minimum lot size requirements). Radin has not demonstrated that these purposes are not advanced by the application of the setback requirements to her lot.

■ Radin also argues that because her lot is substandard and in a developed area of mostly "grandfathered" lots, denial of the variances was unreasonable when her lot is viewed in isolation. She overlooks the fact that *all* of the lots in the Ferry Beach area are subject to the ordinance. For example, the Saco Zoning Ordinance proscribes the reconstruction of nonconforming structures and the resumption of nonconforming uses that have been in abeyance for more than one year. Saco, Me., Zoning Ordinance §§ 601–2 & 601–3. That Radin's lot has not yet been built upon is immaterial.

Finally, we rejected analogous arguments on quite similar facts in *Barnard v. Zoning Board of Appeals of Town of Yarmouth*, 313 A.2d 741 (Me.1974). We upheld in *Barnard* the application of a minimum lot size requirement in an area where the majority of the lots did not conform. *Id.* at 747. Radin has not shown why the principles of *Barnard* should not control this appeal.

The entry is:

Judgment affirmed.

All concurring.