1999 ME 66

Mark **GOLDSTEIN**

v.

**CITY OF SOUTH PORTLAND et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 15, 1999.
Decided April 27, 1999.

Brenda M. Buchanan, Warren, Currier & Buchanan, LLC, PA, Portland, for plaintiff.

Mary Kahl, Corporation Counsel, for City of South Portland.

Wayne and Elizabeth Ross, South Portland, for defendants.

Before CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] The City of South Portland appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) vacating the South Portland Zoning Board of Appeals' grant of a setback variance to Wayne and Elizabeth Ross for the reconstruction of a residence and garage. Because the Rosses failed to demonstrate that their property could not yield a reasonable return without the variance, we affirm the court's judgment.

[¶ 2] The Rosses own and currently rent a two-bedroom house with a garage. Desiring to use the property as their retirement home, the Rosses want to reconstruct and expand the house. Because the expansion would violate the South Portland setback requirements, they applied to the Board for a nineteen-foot rear yard setback variance. At the public hearing, witnesses for the Rosses

testified that the house would continue to decrease in value if the variance were not granted. Persuaded by this testimony, the Board concluded that the land could not yield a reasonable return and granted the variance.

[¶ 3] Mark Goldstein, an abutting property owner who vocally opposed the variance at the hearing, filed a M.R. Civ. P. 80B complaint against both the City and the Rosses, seeking review of the Board's decision. The Superior Court vacated the grant of the variance, concluding that the Board erred in determining that the property could not yield a reasonable return without the variance. The City appealed.

[¶ 4] A "board may grant a variance only when strict application of the ordinance ... would cause undue hardship." 30–A M.R.S.A. § 4353(4) (1996 & Supp.1998). Section 4353(4) defines undue hardship with four criteria:

A. The land in question can not yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner.

*Id.*[1] The burden is on the applicant to demonstrate that each of the criteria is satisfied. *Leadbetter v. Ferris,* 485 A.2d 225, 227 (Me. 1984).

[¶ 5] In order to satisfy the reasonable return requirement, the applicant must demonstrate that "strict compliance with the terms of the ordinance would result in the practical loss of substantial beneficial use of the land." *Bailey v. City of South Portland,* 1998 ME 54, ¶ 6, 707 A.2d 391, 393

(quoting *Leadbetter,* 485 A.2d at 227–28). Because the applicant "need not be accorded every conceivable opportunity to maximize her return, or potential return," *Grand Beach Ass'n, Inc. v. Town of Old Orchard Beach,* 516 A.2d 551, 554 (Me.1986), a " '[r]easonable return' is not tantamount to [a] 'maximum return,'" *Twigg v. Town of Kennebunk,* 662 A.2d 914, 919 (Me.1995) (quoting *Perrin v. Town of Kittery,* 591 A.2d 861, 863 (Me.1991)). Consequently, "the fact that the variance would permit [the applicant] to increase his return does not, in any way, support the conclusion that the land cannot yield a reasonable return unless a variance is granted." *Grand Beach Ass'n, Inc.,* 516 A.2d at 555.

[¶ 6] Because the Superior Court acted as an appellate court, "we independently examine the record and review the Board's decision for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record." *Twigg,* 662 A.2d at 916. The Rosses are able to rent their house, and there is no evidence that they are not receiving net income from the rental. Because the applicant did not demonstrate that "strict compliance with the terms of the [o]rdinance would result in the practical loss of substantial beneficial use of the land," the Board erred in granting the variance. *See Leadbetter,* 485 A.2d at 227–28; *see also Anderson v. Swanson,* 534 A.2d 1286, 1289 (Me.1987) (holding that the Board erred in granting a setback variance to expand a home when the home offered adequate living space).

The entry is:

Judgment affirmed.

---

1. A municipality may adopt a different standard for determining whether to grant a setback variance for single-family dwellings, 30–A M.R.S.A. § 4353(4–B), or whether to grant a variance from the dimensional standards of a zoning ordinance, *id.* § 4353(4–C). The City of South Portland has not adopted either of these provisions.