2009 ME 66

**Alberta WISTER**

v.

**TOWN OF MOUNT DESERT et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: April 30, 2009.
Decided: July 7, 2009.

904 ■ 

Matthew C. Worthen, Esq., Jason C. Barrett, Esq., Eaton Peabody, Ellsworth, ME, for Benjamin C. Moore and Alice G. Carter.

Roy T. Pierce, Esq., Jonathan G. Mermin, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, ME, for Alberta Wister.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] Benjamin C. Moore and Alice G. Carter appeal from a judgment of the Superior Court (Hancock County, *Hjelm, J.*) in favor of Alberta Wister that vacated a decision of the Town of Mount Desert's Zoning Board of Appeals (ZBA) granting Moore and Carter a variance from the Town's driveway setback ordinance.[1] They argue that: (1) Wister lacked standing to appeal the ZBA's decision to the Superior Court; (2) the court erred in interpreting the driveway setback ordinance to be a land use ordinance, and concluding that, as a result, the ZBA lacked jurisdiction to grant a variance pursuant to 30–A M.R.S. § 4353 (2008); and (3) the ZBA's decision is supported by substantial evidence in the record.[2] Be-

---

1. The Town of Mount Desert, though filing a red brief and styling itself as an appellee in this case, argued to vacate the Superior Court's decision. The Town did not, however, file a notice of appeal. Any party seeking to modify a judgment must file a notice of appeal to have its arguments properly considered. *See* M.R.App. P. 2; *In re Melissa T.,* 2002 ME 31, ¶ 5, 791 A.2d 98, 99–100.

2. We decline to address Moore's other argument, not raised before the ZBA, that the driveway setback ordinance does not apply to Moore, and, therefore, no variance therefrom

cause the Town ordinances authorize requests for variances from setback requirements to be considered pursuant to 30-A M.R.S. § 4353, we vacate the judgment and remand to the Superior Court to affirm the ZBA's decision.

## I. CASE HISTORY

■ [¶ 2] Benjamin C. Moore and Alice G. Carter (collectively, Moore, except as otherwise noted) jointly own a parcel of land, designated as Lot 35 on Tax Map 5, in the Town of Mount Desert.[3] Lot 35 includes a large area of land behind other lots and is connected to Millbrook Road by a thin strip of land that is twenty feet wide and approximately 361 feet long. This strip of land provides the only means of access from a roadway to the main portion of Lot 35. An eighty-foot driveway of some sort already exists on the portion of the twenty-foot wide strip of land, beginning at Millbrook Road.

[¶ 3] Moore, individually, owns a second lot, designated as Lot 35-1 on Tax Map 5, which abuts Lot 35 and is completely landlocked. The only means of accessing Lot 35-1 from a public way is via a right-of-way located over Lot 35.

[¶ 4] On or about March 6, 2007, the Town approved an amendment to its Land Use Zoning Ordinance, § 2.7.6 (Mar. 6, 1978), to require that driveways be set back a minimum of five feet on either side from property lines. On May 1, 2007, Moore applied for permits to build a fourteen-foot-wide driveway over Lots 35 and 35-1, including over the strip of land leading to Millbrook Road. The Town's Code Enforcement Officer (CEO) denied Moore's driveway permit application, find-

ing that the twenty-foot-wide strip is not wide enough to accommodate the proposed fourteen-foot-wide driveway and allow a minimum five-foot setback on either side as required by the driveway setback provision in section 2.7.6 of the Land Use Zoning Ordinance.

[¶ 5] Moore did not challenge the CEO's determination that the driveway ordinance applied to preclude construction of the driveway as proposed. Instead, Moore applied to the ZBA for setback variances to construct a driveway, fourteen feet wide and 1104 feet long, including the preexisting driveway, extending from Millbrook Road, over Lot 35, and continuing for another 106 feet on Lot 35-1. The ZBA held a public hearing on Moore's requests for variances, which the ZBA treated as one variance.

[¶ 6] Though not appearing personally, Alberta Wister was represented at the hearing by counsel who spoke on her behalf and presented a letter that Wister had written to the ZBA in opposition to granting the variance. Wister's counsel referred to Wister as an abutter during the hearing and showed the location of her property on a map at the request of the ZBA. Reading from Wister's letter, her attorney stated that Wister was "strongly opposed to [Moore's] request to build a road below [her] house." No question was raised at the ZBA hearing regarding Wister's standing as an abutter to participate in the hearing. Wister's counsel challenged the ZBA's authority · to grant a variance from the driveway setback limit, arguing that the ZBA could only grant a variance in a zoning matter and this appeared to be a land use matter.

---

is required. *See Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 8, 868 A.2d 230, 232 (claims not raised before the ZBA are not preserved).

**3.** Wister argues that Tax Map 5 was never made part of the administrative record and

cannot be considered in this appeal. However, Wister specifically cited to this Tax Map in her 80B complaint filed in the Superior Court. We conclude that she is estopped from asserting that we cannot consult Tax Map 5 as an illustrative aid on appeal.

[¶ 7] The ZBA concluded that it had authority to entertain Moore's variance request. After taking testimony, the ZBA applied the factors in 30–A M.R.S. § 4353(4) and found that Moore should be granted a hardship variance. First, the ZBA found that a hardship existed, noting that Moore's lots were conforming lots accessible only by the narrow strip of land, that the desired driveway could have been constructed but for the Town's change to the Land Use Zoning Ordinance two months before Moore applied for the driveway permit, and that Moore cannot get a reasonable return on the lots without a driveway. Second, the ZBA found that the amendment to the ordinance created a unique circumstance on the property. Third, the ZBA found that granting the variance would not alter the character of the surrounding area. Fourth, the ZBA found that the hardship was not the result of action taken by Moore.[4] The ZBA unanimously voted to grant Moore's variance request to construct the fourteen-foot-wide driveway.

[¶ 8] The ZBA followed its oral decision with a written decision. In that decision, the ZBA referred to Wister as an abutter when it described her attorney's appearance before them.

[¶ 9] Wister appealed the ZBA's decision to the Superior Court pursuant to M.R. Civ. P. 80B, arguing that the ZBA did not have the statutory authority to grant a variance from the driveway setback requirement and that Moore had not introduced evidence sufficient to meet the requirements for obtaining a variance. The court concluded that the driveway setback requirement was a land use ordinance rather than a zoning ordinance and that, as a result, the ZBA did not have authority to grant the setback variance pursuant to 30–A M.R.S. § 4353. Accordingly, the court entered a judgment vacating the ZBA's decision. The court ordered the matter remanded to the ZBA for dismissal of Moore's variance application for lack of jurisdiction. Moore brought this appeal.

## II. LEGAL ANALYSIS

[¶ 10] When the Superior Court acts as an intermediate appellate court, "we review directly the operative decision of the municipality." *Gensheimer v. Town of Phippsburg,* 2005 ME 22, ¶ 7, 868 A.2d 161, 163 (quotation marks omitted). The ZBA decision is the operative decision in this case. *See id.* ¶¶ 7–8, 868 A.2d at 163–64 (stating that when, pursuant to statute and local ordinance, the board of appeals properly acted as a tribunal of original jurisdiction, i.e., as fact-finder and decision-maker, we review its decision directly).[5]

---

4. Pursuant to the Town's Land Use Zoning Ordinance, § 2.7.6 (Mar. 6, 1978), the minimum width of a driveway must be twelve feet. It would therefore be impossible to construct any driveway within the twenty-foot-wide strip of land on Moore's lot without a variance.

5. Unless a local ordinance limits the authority of a board of appeals to appellate review, the board is required by 30–A M.R.S. § 2691(3)(D) (2008) to undertake a de novo review. *See Gensheimer v. Town of Phippsburg,* 2005 ME 22, ¶ 8, 868 A.2d 161, 164. Pursuant to the Reorganization of the Town of Mount Desert Zoning Board of Appeals (Reorganization), § 4.A.2 (March 7, 2001), the ZBA hears variance requests and may authorize variances as provided in 30–A M.R.S. § 4353 (2008). The Reorganization further provides that, in hearing variance requests, as opposed to administrative appeals, the ZBA may receive any oral or documentary evidence and make findings of fact, as provided by statute. *Id.* Accordingly, if the ZBA had jurisdiction to hear Moore's request for a variance from the driveway setback requirement, and we conclude that it did, the ZBA properly took evidence and was the fact-finder and decision-maker in this case.

## A. Wister's Standing to Appeal

[¶ 11] Although Moore did not challenge Wister's standing before the ZBA or in the Superior Court, Moore argues to us that Wister failed to demonstrate that she had standing to appeal the ZBA's decision to the Superior Court. *See Franklin Prop. Trust v. Foresite, Inc.*, 438 A.2d 218, 220 (Me.1981) (as a "threshold issue bearing on the court's power to adjudicate disputes," we may address the issue of standing for the first time on appeal).

[¶ 12] An abutter generally has standing to participate in and appeal from local administrative decision-making regarding zoning and land use issues. *See Sahl v. Town of York*, 2000 ME 180, ¶ 8, 760 A.2d 266, 268 (stating that the threshold requirements for an abutter to establish standing are minimal).

[¶ 13] Wister asserted before the ZBA that she is an abutter, identified the location of her property to the ZBA, and objected to Moore's request to "build a road below my house." The ZBA treated her as an abutter, allowing her to be heard and considering, but rejecting, her objections to the variance. Local citizens participating in zoning hearings need not present deeds, maps, or other proof of their status as abutters to justify their participation in such hearings. *See, e.g., Rowe v. City of S. Portland*, 1999 ME 81, ¶ 4, 730 A.2d 673, 674–75. A statement of abutter status, as occurred here, is enough to establish a *prima facie* showing of standing, absent evidence to the contrary.

[¶ 14] A party may raise the issue of standing for the first time on appeal. *See Franklin Prop.*, 438 A.2d at 220. However, Moore's election to wait until appeal to us to challenge Wister's *prima facie* showing of standing deprived Wister of the opportunity to present evidence to the fact-finder to support her standing. Once Wister had made a *prima facie* showing of her standing to participate in the proceeding, the burden shifted to Moore to present evidence that Wister lacked standing. *See generally Philbrook v. Theriault*, 2008 ME 152, ¶¶ 20, 22, 957 A.2d 74, 78–79 (stating, in the context of a parental rights and responsibilities matter, that the party must make a *prima facie* demonstration of de facto parent status to show standing). Before the ZBA or the Superior Court, Moore did not rebut Wister's *prima facie* demonstration of standing. Accordingly, for purposes of this appeal, Wister has standing to challenge Moore's request for a variance.

## B. Jurisdiction of the ZBA to Grant the Variance Pursuant to Section 4353

[¶ 15] "The jurisdiction of a town board of appeals is a question of law that must be ascertained from an interpretation of statutes and local ordinances, and it is reviewed de novo." *Sanborn v. Town of Sebago*, 2007 ME 60, ¶ 6, 924 A.2d 1061, 1063. When a municipality has established a board of appeals and directly or by implication authorizes appeals from code enforcement officers, planning boards, or other initial decision-makers, such appeals must be taken first to the board of appeals unless the municipal ordinance explicitly requires that such appeals proceed directly to the Superior Court. *See* 30–A M.R.S. § 4353(1); *Thomas v. City of S. Portland*, 2001 ME 50, ¶ 2, 768 A.2d 595, 595. Dismissing a direct appeal from a planning board in *Thomas*, we observed that "[d]irect appeals from a decision of a planning board to the Superior Court on issues of zoning are allowed only if the municipal ordinance so provides." *Id.* ¶ 2 (citing *Hodsdon v. Town of Hermon*, 2000 ME 181, ¶ 3, 760 A.2d 221, 222). Because South Portland had a board of appeals and its zoning ordinance made no provision for a direct appeal to the Superior Court, we concluded that Thomas had

failed to exhaust administrative remedies before appealing directly to the Superior Court from a Planning Board decision. *Id.*

■ [¶ 16] Title 30–A M.R.S. § 2691 (2008) permits municipalities to establish boards of appeal. *See also* 30–A M.R.S. § 4353. In general, a board of appeals has jurisdiction over two types of appeals: (1) appeals from the official or board responsible for enforcing zoning ordinances pursuant to 30–A M.R.S. 4353(1); and (2) appeals with respect to "any [other] matter," to the extent that "the municipality has by charter or ordinance specified the precise subject matter that may be appealed" pursuant to 30–A M.R.S. § 2691(4). *Sanborn,* 2007 ME 60, ¶ 7, 924 A.2d at 1064 (quotation marks omitted).

■ [¶ 17] We review the interpretation of statutes and of local ordinances de novo as questions of law. *Dickey v. Vermette,* 2008 ME 179, ¶ 5, 960 A.2d 1178, 1180; *Jade Realty Corp. v. Town of Eliot,* 2008 ME 80, ¶ 7, 946 A.2d 408, 410. In interpreting a statute or ordinance, we look first to the plain meaning of its language to give effect to the legislative intent, and if the meaning of the statute or ordinance is clear, we need not look beyond the words themselves. *Jade Realty,* 2008 ME 80, ¶¶ 7, 9, 946 A.2d at 410–11 (quotation marks omitted). When interpreting a statute, we consider the entire statutory scheme to achieve a harmonious result. *Kane v. Comm'r of the Dep't of Health & Human Servs.,* 2008 ME 185, ¶ 12, 960 A.2d 1196, 1200; *see also Jade Realty,* 2008 ME 80, ¶ 9, 946 A.2d at 411 ("In construing the language of an ordinance, the ordinance is to be considered as a whole.").

■ [¶ 18] Section 4.A.2. of the Reorganization of the Town of Mount Desert Zoning Board of Appeals authorizes the ZBA to "hear variance requests and authorize variances as provided in Title 30–A MRSA Section 4353." Section 4.B. further provides that the ZBA "may grant a variance only in accordance with State law (30–A MRSA Section 4353 or as amended)." Accordingly, pursuant to its ordinance, the ZBA has jurisdiction to hear and grant variances to the extent provided in 30–A M.R.S. § 4353.

[¶ 19] Section 4353 provides, in part, that "[t]he board of appeals shall hear appeals from any action or failure to act of the official or board responsible for enforcing the zoning ordinance...." 30–A M.R.S. § 4353(1). In deciding "any appeal," the board of appeals is empowered to "[g]rant a variance in strict compliance with [§ 4353(4)]," the implication being that a board of appeals may grant a variance from a zoning ordinance. 30–A M.R.S. § 4353(2)(C).

[¶ 20] The Superior Court concluded that the Mount Desert Land Use Zoning Ordinance was a land use ordinance, not a zoning ordinance, because its driveway setback requirements applied to the whole Town rather than to certain districts in the Town. Therefore, the Superior Court held that the ZBA lacked authority to grant variances pursuant to section 4353, which the court concluded or presumed was limited in applicability to zoning ordinances.

[¶ 21] The Mount Desert Land Use Zoning Ordinance does not specify any other mechanism to appeal the code enforcement officer's decision or to seek a variance from the driveway setback limit.[6]

---

6. In this case, though Moore's variance applications to the ZBA were not styled as appeals from the CEO's denial of his requests for driveway permits, they were appeals from the CEO's decision as contemplated by 30–A

M.R.S. § 4353(2)(C) which authorizes a board of appeals to grant a variance in response to any action or failure to act on the part of a municipal official or board.

Therefore the necessary result of the Superior Court's interpretation would be either that: (1) there is no opportunity to seek a variance in response to a properly denied driveway permit application, or (2) every request for a set back variance must be presented as a M.R. Civ. P. 80B appeal for de novo determination by the Superior Court. The first alternative would raise a constitutional due process concern that we should seek to avoid. *See Town of Baldwin v. Carter,* 2002 ME 52, ¶ 12, 794 A.2d 62, 68 (observing that courts must construe ordinances, and legislative enactments generally, so as to avoid a danger of unconstitutionality). The second alternative would involve the Superior Court, as a fact-finder, in deciding local variance requests that are best addressed in the first instance by a local decision making process, in conflict with our case law and tradition. In *Sanborn,* 2007 ME 60, ¶ 7, 924 A.2d at 1063, we emphasized that when a municipality adopts a zoning ordinance, it is required to establish a board of appeals. Addressing a claim that, as Wister asserts here, a building ordinance applicable town-wide was not a zoning ordinance and thus 30–A M.R.S. § 4353 did not apply, we held that pursuant to section 4353, the board of appeals had jurisdiction over approval or denial of an application of a limitation that had town-wide effect, when the building ordinance was appealed along with a zoning ordinance, and requiring a separate appeal for the building ordinance aspect of the matter would be a waste of resources. *Id.* ¶¶ 10–11, 924 A.2d at 1064–65.

[¶ 22] We reiterated the preference stated in *Thomas,* 2001 ME 50, ¶ 2, 768 A.2d at 595, that issues related to municipal permits, approvals or variances be first addressed to a municipal board of appeals:

> As a matter of public policy, it is appropriate for the ZBA to take jurisdiction of Building Ordinance issues when a Shoreland Zoning Ordinance issue has

been appealed to it. Requiring parties to litigate in court without first going through an administrative process is contrary to the policies that we have recognized in a number of cases in which we have held that people who are aggrieved by a decision of a CEO or a planning board must first take their case to the board of appeals. *See, e.g., Hodsdon v. Town of Hermon,* 2000 ME 181, ¶ 5, 760 A.2d 221, 222–23 (stating that even though the municipality has not enacted an ordinance giving the board of appeals the authority to hear a land use appeal, the plaintiff must go to the board of appeals before filing an appeal in the Superior Court); *Freeman v. Town of Southport,* 568 A.2d 826, 828 (Me.1990) (recognizing the purpose of the board of appeals statutes is "to require that disputes over zoning laws be reviewed, at least initially, by the local zoning board of appeals").

*Sanborn,* 2007 ME 60, ¶ 11, 924 A.2d at 1065. In this case, the Mount Desert Land Use Zoning Ordinance does not explicitly require that appeals from CEO decisions proceed directly to the Superior Court. Pursuant to section 4353(1) and our case law, then, Moore was required to appeal the denial of the driveway permit by seeking a variance from the ZBA.

[¶ 23] In prior decisions addressing other issues there is dicta that the Superior Court may have construed to suggest that section 4353(4) empowers a municipal board of appeals to grant setback variances from zoning ordinances but not from other land use ordinances. *See Lewis v. Town of Rockport,* 2005 ME 44, ¶ 15, 870 A.2d 107, 111 (implying in dicta acceptance of the parties' contention that section 4353 is limited to the grant of variances from zoning ordinances); *see also York v. Town of Ogunquit,* 2001 ME 53, ¶ 12, 769 A.2d 172, 177 ("Zoning Ordinance provisions are specifically subject to the variance analysis

mandated by" 30–A M.R.S. § 4353(4)). We did apply the section 4353(4) variance analysis in a case in which landowners were granted a variance by the zoning board of appeals from setback requirements applicable to their single-family home, a decision an abutting landowner appealed. *Goldstein v. City of S. Portland,* 1999 ME 66, ¶¶ 1–4, 728 A.2d 164, 164–65. However, we had no occasion to address in the decision whether the setback ordinance was a zoning ordinance or not. *See id.* ¶ 4 n. 1, 728 A.2d at 165.

[¶ 24] In an opinion distinguishing zoning ordinances from other land use ordinances, we held that, applying a predecessor statute, a city ordinance that prohibited the removal of gravel from any land in the city, except as permitted by the Planning Board, was "a general and uniform citywide regulation," not "zoning" which involves "a particularistic division of the city into zones for the purpose of applying different proscriptions and 'reasonable application of different regulations' in the different zones." *Benjamin v. Houle,* 431 A.2d 48, 49 (Me.1981). Thus, we held in *Benjamin* that a ZBA established pursuant to the precursor to 4353 lacked authority to hear a non-zoning ordinance matter of citywide application. *Id.* at 49–51. However, we then noted that when questions arise regarding different limitations and land use regulations in various zones, "questions of ordinance interpretation and of fairness and equal treatment multiply, and it also becomes desirable to have a municipal review mechanism through which variances and special exceptions may be granted." *Id.* at 50.

[¶ 25] Whether an ordinance is labeled as regulating "zoning" or "land use" or, as in the case of the Mount Desert ordinance, both, makes no difference in application of section 4353. Section 4353 applies to govern the standards for local board of appeals' consideration of applications for variances from specific requirements such as setback limitations.

[¶ 26] As we indicated in *Sanborn,* consideration of variance requests has long been a primary business of local boards of appeal. *See* R.S.1954, ch. 91, § 97 (board of appeals to review, as authorized by ordinance, the "alleged erroneous refusal of building permits and to permit exceptions to or variances from regulations. . . ."). To suggest that the ZBA could not consider a variance request from a setback requirement found in a land use ordinance of town-wide application would represent a significant departure from current practice. We decline to do so. The ZBA properly considered Moore's setback variance request in this case.

C. The ZBA's Decision

[¶ 27] We review the decision of the ZBA directly for an abuse of discretion, errors of law, or findings not supported by substantial evidence in the record. *Camp v. Town of Shapleigh,* 2008 ME 53, ¶ 9, 943 A.2d 595, 598. "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion. . . ." *Id.* (quotation marks omitted). "We do not make any findings other than those found explicitly or implicitly by the Board, and we do not substitute our judgment for that of the Board." *Id.*

[¶ 28] The ZBA applied the factors provided in 30–A M.R.S. § 4353(4) to determine whether to grant Moore a variance from the driveway setback requirement in the Land Use Zoning Ordinance.

[¶ 29] Section 4353(4) provides in relevant part:

[T]he board may grant a variance only when strict application of the ordinance to the petitioner and the petitioner's property would cause undue hardship.

The term "undue hardship" as used in this subsection means:

A. The land in question can not yield a reasonable return unless a variance is granted;

B. The need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. The granting of a variance will not alter the essential character of the locality; and

D. The hardship is not the result of action taken by the applicant or a prior owner.

30–A M.R.S. § 4353(4).

[¶ 30] Only the ZBA's findings as to the first element are in dispute. We have held that:

The reasonable return prong of the undue hardship test is met where strict application of the zoning ordinance would result in the practical loss of all beneficial use of the land. Reasonable return is not the "maximum return" that could be afforded by a property. Economic proof that no reasonable return is possible is not required.

*Toomey v. Town of Frye Island,* 2008 ME 44, ¶ 15, 943 A.2d 563, 567 (quotation marks & internal citations omitted).

▉ [¶ 31] Although Moore's lots might have held some value without driveway access, given its proximity to a golf course and conservation lands, the ZBA's determination that, without a driveway allowing access to the lots, Moore will suffer the practical loss of all beneficial use of the lots is not clearly erroneous. The ZBA's decision is supported by substantial record evidence.[7]

7. Further, the ZBA did not err as a matter of law or abuse its discretion in granting a variance with respect to the entire length of the proposed driveway, despite Wister's contention that Moore sought a variance broader than necessary to grant him relief. A vari-

The entry is:

Judgment vacated. Remanded to the Superior Court to affirm the decision of the Board of Appeals.

ance would be necessary for some portion of the driveway, and the landowner would have an interest in building a straight driveway rather than one that shifts course in order to meet setback requirements.