SILVER, J.,
dissenting.
[¶ 27] I respectfully disagree with the Court’s interpretation of 5 M.R.S. § 17103(6) (2013). The plain language of the statute grants the Board the authority to make a final administrative decision in all matters affecting the rights, credits, and privileges of all members of the retirement system. I discern no statutory basis for limiting the Board’s authority based on when the members at issue joined the System. Because I conclude that the Board properly exercised jurisdiction, I would reach the merits of the Board’s decision, and would affirm.
A. The Board’s Authority
[¶ 28] As the Court notes, 5 M.R.S. § 18252 (2013), which applies to Kennebec County because the County offers employees a choice between Social Security and MPERS membership, offers no guidance concerning the extent of the Board’s authority to make final decisions in matters involving enrollment and election procedures. Thus, we must look to section 17103, which outlines the Board’s authority and responsibilities. This section provides that “[t]he board shall in all cases make the final and determining administrative decision in all matters affecting the rights, credits and privileges of all members of all programs of the retirement system[.]” 5 M.R.S. § 17103(6) (emphasis added).
[¶ 29] The Court dismisses the fact that all three employees involved in this case are current MPERS members, pointing out that they were not members at the time of the incidents that gave rise to these proceedings. The plain language of section 17103 requires no such inquiry into when the members joined the System. On the contrary, it unambiguously provides that the Board has the authority to hear all matters concerning members’ rights, credits, and privileges.
[¶ 30] Administrative bodies are statutory in nature; they have only “such powers as those expressly conferred on them by the Legislature, or such as arise therefrom by necessary implication to allow carrying out the powers accorded to them.” Hopkinson v. Town of China, 615 A.2d 1166, 1167 (Me.1992). We look to the plain meaning of a statute’s language to give effect to the legislative intent, and if the meaning of the statute is clear, we need not look beyond the words themselves. Wister v. Town of Mount Desert, 2009 ME 66, ¶17, 974 A.2d 903. The Court, however, raises concerns about the Board’s ability to effectively adjudicate cases like this one, suggesting that the Legislature could not have intended to grant the Board jurisdiction to hear cases involving employees who were hired decades before becoming members because such cases are extremely difficult to decide due to the loss of evidence over time. Court’s Opinion ¶ 25. Although this is certainly a fair observation, it is well beyond the scope of the plain language of section 17103 and does not provide a legitimate basis for limiting the scope of the board’s statutory authority.
*1214 [¶ 31] Such policy concerns also do not render a plain reading of the statute absurd or illogical. See Cent. Me. Power Co. v. Devereux Marine, Inc., 2013 ME 37, ¶ 8, 68 A.3d 1262 (“[W]e construe the statutory language to avoid absurd, illogical, or inconsistent results.”). “Overall, the Board has long been charged with [t]he general administration and responsibility for the proper operation of the retirement system and for making this chapter [governing the retirement system ] effective. ” Me. Sch. Admin. Dist. No. 27 v. Me. Pub. Emps. Ret. Sys., 2009 ME 108, ¶ 26, 983 A.2d 391 (quotation marks omitted) (emphasis and alterations in original).
[¶ 32] Section 17103 provides broad authority for the Board to make final administrative decisions about members’ rights and credits. Determining whether an employer must make back contributions to MPERS for several current members falls squarely within the authority granted by the statute. See id. ¶ 27 (“The assessment of late fees for delinquent payments, especially assessment for interest, affects the rights of the employee members.”) This reading of section 17103 does not conflict with any other provision, and it is consistent with the statutory scheme providing “broad authority and discretion to the Board in managing [MPERS].” Id. There is no reason to conclude that the plain language of the statute does not reflect the Legislature’s intent. Thus, the Board had jurisdiction to decide whether Kennebec County was required to make back contributions with interest on behalf of current members as a result of its earlier failure to provide adequate election procedures.
B. Whether Employers Must Inform Employees About MPERS
[¶ 33] When the administration of a statute has been entrusted to an agency by the Legislature, we defer to the agency’s interpretation and application of the statute. City of Augusta v. Me. Labor Relations Bd., 2013 ME 63, ¶ 14, 70 A.3d 268. When the statute is “silent or ambiguous on a particular point, we will review whether the agency’s interpretation of the statute is reasonable and uphold its interpretation unless the statute plainly compels a contrary result.” Goodrich v. Me. Pub. Emps. Ret. Sys., 2012 ME 95, ¶ 6, 48 A.3d 212. “[W]e do not attempt to second-guess the agency on matters falling within its realm of expertise.” Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me.1991).
[¶ 34] The Board interpreted section 18252 to require employers like the County to provide new employees with information about their eligibility for membership in MPERS and the terms of the program. The Board reasoned that the statutory language providing that eligible members may elect to join the program “implies a right to participate in the plan,” which in turn “obligates the County to adequately apprise its employees of the existence of [MPERS], their eligibility and the terms of the plan.”
[¶ 35] The Board’s interpretation of section 18252 is reasonable, and the statutory language does not compel a contrary result. Although the County argues that the Board’s interpretation imposes too burdensome a requirement on employers who also offer Social Security coverage to their employees, the argument that the Board impermissibly applied the more stringent requirements of 5 M.R.S. § 18252-A (2013) is unpersuasive. Section 18252-A, which applies only to PLDs that do not provide Social Security coverage and is therefore inapplicable to the County, enumerates specific steps employers are required to take, including providing employees with information, implementing procedures for making elections and in *1215 forming MPERS of employees’ elections, and making administrative decisions concerning these matters. 5 M.R.S. § 18252-A(2)(B), (C) (2013).
[¶ 36] Contrary to Kennebec County’s arguments, this does not necessarily mean that employers covered by section 18252 have no obligation to inform employees about their eligibility to participate in MPERS. The County concedes that section 18252, by implication, imposes some duty to provide information about the availability of membership in MPERS. Because the Board’s interpretation of this provision of the State Retirement System statute is reasonable, we must defer to it.
C. The Board’s Factual Findings
[¶ 37] This Court will affirm the Board’s factual findings if they are supported by substantial evidence in the record, even if the record contains inconsistent or contrary evidence. Friends of Lincoln Lakes v. Bd. of Envtl. Prot., 2010 ME 18, ¶ 13, 989 A.2d 1128.
[¶ 38] Kennebec County contends that the Board erred in finding that the three employees were not informed of their eligibility to participate in MPERS when they were hired.[16] However, each of the employees testified that the County had not offered them enrollment in MPERS when they were hired, and that the benefits were never explained to them. This evidence, despite being contradicted by other evidence in the record, is sufficient to support the Board’s findings.
D. Whether the Board’s Interpretation Retroactively Imposes a New Rule
[¶ 39] Administrative clarification of a PLD’s existing rights and obligations is permissible; it is not retroactive in effect. Me. Sch. Admin. Dist. 27, 2009 ME 108, ¶ 28, 983 A.2d 391. Interpreting a statute’s plain meaning does not constitute pronouncing a new rule. See id. ¶ 25. Section 18252 requires that employees be given a meaningful choice whether to elect to join MPERS. That the Superior Court observed that “an employer subject to section 18252 fails to document at its peril” does not indicate that the Board has announced a new rule requiring employers to keep detailed records of election procedures. Rather, it is a commonsense observation that, absent such documentation, it may be difficult for an employer to prove that it has complied with the modest notice requirements of section 18252. The County’s argument that the Board has imper-missibly announced a new rule that is not promulgated by statute or regulation is unpersuasive.
[¶ 40] For these reasons, I would affirm the judgment of the Superior Court on the merits.

. Much of Kennebec County’s argument on this issue, however, focuses on the assertion that the standard the Board applied was too high, and that the evidence the County presented was sufficient to meet the lower standard the County argued was appropriate.