STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-13-053

SUSAN D. SCARRITT, et
al.,

      Plaintiffs

v.

TOWN OF FRYE ISLAND,

      Defendant

and

MICHAEL MARINO, TRUSTEE OF
ROHAR TRUST,

      Party-in-Interest

DECISION AND ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

AUG 01 2014

RECEIVED

PROCEDURAL HISTORY

Plaintiffs filed their complaint on September 23, 2013 and an amended complaint on January 23, 2014. Plaintiffs bring the following three counts: count I: 80B appeal of a 8/9/13 decision of the Town of Frye Island Zoning Board of Appeals approving party-in-interest ROHAR Trust's request for setback reduction; count II: declaratory judgment that the setback reduction ordinance violates state law; and count III: declaratory judgment that the variance approval is void because it was not recorded in the registry of deeds within 90 days.

Before the court is plaintiffs' Rule 80B appeal and motion for partial summary judgment on counts II and III. For the following reasons, the 8/9/13 decision of the Town of Frye Island Zoning Board of Appeals is vacated and the

case is remanded to the Board for further proceedings consistent with this decision and order. Judgment is entered in favor of plaintiffs and against defendant on count II of plaintiffs' amended complaint. Count III of plaintiffs' amended complaint is moot.

BACKGROUND

In May 2013, party-in-interest Michael Marino, acting as trustee of the ROHAR Trust, submitted an application for a setback reduction to the Town of Frye Island for the property located at 273 Leisure Lane. (R. Tab 6.) The application sought a two-foot reduction from the front setback requirement and a four-foot reduction from the side setback requirement. (R. Tab 6.) The ROHAR Trust property is subject to the Residential District requirements of the Town of Frye Island's zoning ordinance and the Shoreland Development District requirements of the shoreland zoning ordinance. (Pls.' Supp. S.M.F. ¶ 4; R. Tab 7 at 20-21, 72.)

Plaintiffs are abutters and plaintiff John D. Scarritt challenged several aspects of the setback reduction application before the Board of Appeals on July 19, 2013. (R. Tab 4.) Among other things, plaintiff John D. Scarritt argued that the Board of Appeals lacked the authority to grant a variance in this case because Frye Island's non-conforming setback reduction ordinance failed to meet the minimum standards for granting a variance required by state law. (R. Tab 5.)

In acting on the setback reduction request, the Board of Appeals applied section 101-1-4, D, 5 of the Town of Frye Island Land Use Ordinances:

**5. Non-Conforming Setbacks** [amended October 11, 2008, WA 20]

A.   Setback Reduction Appeals:  The Board of Appeals may grant reductions from the minimum setback requirements according to all of the following criteria:

2

1. Setback reduction appeals are only available to reduce the minimum requirements for setbacks of structures from Lot boundary lines. Setback reduction appeals shall not be used, and are not available, to reduce required minimum setbacks of structures from bodies of water as provided in this ordinance.

2. The Board of Appeals shall grant a setback reduction appeal if the Board finds that granting the setback reduction will not result in unreasonable interference with the privacy interests of the abutting landowners.

3. In granting a setback reduction the Board of Appeals may attach reasonable conditions which it may deem necessary to serve the purpose of this ordinance.

4. A setback reduction appeal shall not be granted to enable construction or renovation that will result in more than one garage on the lot that is the subject of the appeal.

5. Setback reduction appeals may only be granted to the minimum extent necessary to accomplish the purpose of the appeal. Setbacks may not be reduced by appeal to less than the following absolute minimum setbacks:

Side yard      10 feet

Front yard     30 feet for a dwelling unit and 20 feet for an accessory building

Rear yard      15 feet

(R. Tab 7 at 29.) The Board voted to allow the Trust's application for setback reduction on 8/9/13. (R. Tab 1.) Party-in-interest ROHAR Trust never recorded any written instrument documenting the 8/9/13 approval of the setback reduction in the Cumberland Count Registry of Deeds. (Pls.' Supp. S.M.F. ¶ 22.) This appeal followed.

3

DISCUSSION

1. Standard of Review

On an 80B appeal, the court must review the decision of the Board of Appeals "for errors of law, abuse of discretion or findings not supported by substantial evidence in the record." Rudolph v. Golick, 2010 ME 106, ¶ 8, 8 A.3d 684 (quoting Aydelott v. City of Portland, 2010 ME 25, ¶ 10, 990 A.2d 1024). The interpretation of statutes and local ordinances are questions of law the court reviews de novo. Wister v. Town of Mount Desert, 2009 ME 66, ¶ 17, 974 A.2d 903.

2. Variance vs. Special Exception

Maine law empowers boards of appeals in municipalities that have adopted zoning ordinances to grant variances, but they may do so only "in strict compliance" with statutory standards. 30-A M.R.S. § 4353(2)(C) (2013); see also York v. Town of Ogunquit, 2001 ME 53, ¶ 12, 769 A.2d 172 ("Zoning Ordinance provisions are specifically subject to the variance analysis mandated by state statute in 30-A M.R.S.A. § 4353(4)."). The state statute provides for two variances: the undue hardship variance and the disability variance. See 30-A M.R.S. § 4353(4) & (4-A). Boards may grant setback variances for single-family dwellings and dimensional requirement variances, but only if the municipality has adopted an ordinance that permits those variances.[1] 30-A M.R.S. § 4353(4-B) & (4-C). Accordingly, state law establishes the only types of variances that may be permitted and specifies the minimum standards for granting a variance. Municipalities may adopt additional limitations on variances. See 30-A M.R.S. §

_____

[1] The Town of Frye Island has not adopted these other types of variances. See R. Tab 7 at 47.

4

4353(4-C) ("[A] municipality may, in an ordinance adopted pursuant to this subsection, adopt additional limitations on the granting of a variance from the dimensional standards of a zoning ordinance.").

To avoid the strict requirements that apply to variances, defendant argues that the Board of Appeals did not grant a variance but a "special exception."[2] (Def.'s Rule 80B Br. at 4-5; R. Tab 7 at 47; see 30-A M.R.S. § 4353(2)(B) (authorizing boards to issue special exception or conditional use permits). The Law Court has explained the difference between a special exception and a variance as follows:

> A special exception use differs from a variance in that a variance is authority extended to a landowner to use his property in a manner prohibited by the ordinance (absent such variance) while a special exception allows him to put his property to a use which the ordinance expressly permits.

Silsby v. Allen's Blueberry Freezer, Inc., 501 A.2d 1290, 1295 (Me. 1985) (quoting Stucki v. Plavin, 291 A.2d 508, 511 (Me. 1972)). Defendant argues that the Trust's lot is in the same position as many other non-conforming lots on Frye Island because many lots cannot meet the setback requirements. The Town argues that its response to this common problem was to enact the non-conforming setbacks provision of the Land Use Ordinance[3] because variances cannot address a problem common to the entire neighborhood. (Def.'s Rule 80B Br. at 3-4, 8; R. Tab 7 at 29.); see Waltman v. Town of Yarmouth, 592 A.2d 1079, 1080 (Me. 1991) (explaining that if a hardship is imposed by a zoning ordinance on the

---

[2] Defendant concedes that the Board of Appeals did not apply the statutory variance criteria. (Def.'s Rule 80B Br. at 7.)

[3] It is immaterial that the Town describes its ordinance as a "land use ordinance" rather than a zoning ordinance. See Wister, 2009 ME 66, ¶ 25, 974 A.2d 903 ("Whether an ordinance is labeled as regulating 'zoning' or 'land use' . . . makes no difference in application of section 4353.").

neighborhood generally, "relief must come by way of legislative action-that is, amendment of the zoning ordinance by the town council-and not by variance").

Despite the name of the section, however, nothing in the non-conforming setback section of the ordinance limits setback reduction appeals to non-conforming lots. (R. Tab 7 at 29.) Further, the Town did not simply change the minimum setback requirements; the Town empowered the Board of Appeals to reduce the minimum setbacks required under the ordinance on a lot-by-lot basis to an absolute minimum. (Id.) In each case, the deviation from the minimum setback requirements may be different.

The Law Court has stressed that a special exception use cannot circumvent a zoning requirement. Perkins v. Town of Ogunquit, 1998 ME 42, ¶ 12, 709 A.2d 106; York v. Town of Ogunquit, 2001 ME 53, ¶ 11, 769 A.2d 172. In Perkins, the Town's Board of Appeals denied the lot owner a variance for the 75-foot street frontage requirement but granted a special exception contingent on the lot owner securing a waiver of the street frontage requirement from the Planning Board. Id. ¶ 4. Applying a different set of standards authorized by the Town's zoning ordinance, the Planning Board issued a waiver of the street frontage requirement. Id. The court vacated the waiver because it found that it was essentially a variance that did not meet statutory requirements. Id. ¶ 12. As the court explained the waiver, meeting the waiver criteria "in no way ensures that a waiver proposal will satisfy the fundamental purposes of the zoning requirements." Id. ¶ 13.

The Town's non-conforming setbacks section of the ordinance does not promote consistent and uniform application of the zoning ordinance. See Radin v. Crowley, 516 A.2d 962, 964 (Me. 1986) ("[I]t is uniformity as defined by the

6

comprehensive zoning ordinance, not by the presence of nonconforming uses in the area, that is the goal of zoning."). Under the non-conforming setbacks section, the Board must grant an exception to a lot owner as long as it "will not result in unreasonable interference with the privacy interests of the abutting landowners." (R. Tab 7 at 29.) Privacy, however, is not the only purpose of setback requirements. As the court observed in Radin, setback requirements "ensure passage of light and air, prevent the spread of fire, provide access to firefighters and other emergency personnel and their vehicles, and prevent overcrowding." Radin, 516 A.2d at 964. Nothing in the Town's setbacks reduction section ensures that these goals are met. Moreover, as the Radin court explained, "an essential policy of zoning is to gradually or eventually eliminate nonconforming uses as speedily as justice will permit." Id. (quotation marks omitted). The Town's non-conforming setbacks provision will perpetuate, not eliminate, nonconforming lots.

Similar to the waiver in Perkins, the non-conforming setbacks provision of the Town's Land Use Ordinance authorizes the Board of Appeals to grant variances that do not meet statutory criteria. That provision is therefore invalid. To hold otherwise would permit municipalities to circumvent the variance standards required by state law.

The entry is

> The 8/9/13 decision of the Town of Frye Island Zoning Board of Appeals to approve Party-in-Interest ROHAR Trust's request for a setback reduction is VACATED. This case is REMANDED to the Town of Frye Island Zoning Board of Appeals for consideration of whether to grant the trust a variance in accordance with 30-A M.R.S. § 4353(4) and the Town's Land Use Ordinance.

7

Judgment is entered in favor of Plaintiffs and against Defendant on Count II of Plaintiffs' Amended Complaint as follows: Section 101-I-4(D)(5) of the Town of Frye Island's Land Use Ordinance conflicts with the requirements of 30-A M.R.S. § 4353(4) and is, therefore, invalid.

Count III of Plaintiffs' Amended Complaint is moot.

Date: July 31, 2014

Nancy Mills
Justice, Superior Court

AP-13-053

8

NATALIE BURNS ESQ   —   *atf*
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112




SARAH MCDANIEL ESQ   ·   *Frye Islad*
DOUGLAS MCDANIEL CAMPO & SCHOOLS
90 BRIDGE ST   ·
SUITE 100
WESTBROOK ME 04092