STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
Cumberland ss Clerk's Office

MAR 15 2017

RECEIVED

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-16-040

MARK FUREY,

Petitioner

v.

DECISION AND ORDER

INHABITANTS OF THE TOWN
OF SCARBOROUGH, THE
SCARBOROUGH ZONING BOARD
OF APPEALS, and STEPHEN LYNCH,

Respondents

Before the court is (1) petitioner Mark Furey's Rule 80B appeal of respondent Town of Scarborough's approval of a practical difficulty variance to respondent Stephen Lynch and (2) respondent Lynch's motion to strike. For the following reasons, the decision of the Zoning Board of Appeals (Board) is vacated and the case is remanded for further proceedings. The motion to strike is denied.

FACTS

Respondent Lynch owns property located at 14 Pearl Street in the Higgins Beach neighborhood of Scarborough. (R. 12.) Respondent Town's zoning ordinance allows a maximum 21-foot front setback and requires a minimum 30-foot rear setback in the Higgins Beach neighborhood. (R. 74; Scarborough, Me., Higgins Beach Ordinance § XVIB (Dec. 2, 2015).) The property contains an existing dwelling, which is set back from Pearl Street approximately 64 feet 6 inches and is located almost entirely within the 30-foot rear setback. (R. 43, 56.) As a result, the property is non-conforming with respect to both the front and rear setback requirements. (R. 74.)

1

On August 19, 2016, Walter Wilson of The Design Company, Inc., acting on behalf of respondent Lynch, filed an application for a variance to allow for the construction of a 17-foot by 26-foot two story addition on the front of the dwelling, a 7-foot by 14-foot porch on the front of the dwelling, and a 2-foot addition on the right side of the dwelling, within the rear setback. (R. 37, 43-47.) As a result of the additions on the front of the dwelling, the property would be set back from Pearl Street 47 feet 6 inches. (R. 37.)

The Board held a hearing on September 14, 2016. (R. 1.)[1] Petitioner, whose property abuts respondent Lynch's property to the rear, was present at the hearing and expressed his concern that the variance would allow respondent Lynch to double the size of the dwelling, which would infringe on petitioner's rights to privacy and peace and quiet. (R. 6.) At the conclusion of the hearing, the Board approved the variance, finding that all of the conditions for approving a variance had been met. (R. 8-10, 12-14.)

Petitioner filed a complaint on October 13, 2016, and his brief on November 22, 2016. On November 28, 2016, respondent Lynch filed a motion to strike petitioner's brief and the Rule 80B record on the ground that respondent Lynch did not agree to the record before it was filed. Petitioner filed an opposition to respondent Lynch's motion on December 16, 2016. Respondent Town filed an opposition to respondent Lynch's motion on December 19, 2016, and its brief on

---

[1] The record includes a video recording of the entire Board hearing held on September 14, 2016. (R. 11.) No instructions were included about accessing the portion of the video that deals with this case. Based upon inquiry from the court, it appears no transcript is available.

Rule 80B does not contain the same language as Rule 56, which provides that the court has no independent duty to search the record. M.R. Civ. P. 56, 80B. Rule 80B simply requires the appellant to provide the reviewing court a record of proceedings before the agency and a brief.

In a Rule 80B appeal, the appellant must demonstrate to the court that the agency's findings were erroneous, and then the court must look to the entire record in determining whether the agency erred. Quiland, Inc. v. Wells Sanitary Dist., 2006 ME 113, ¶ 16, 905 A.2d 806; Friends of Lincoln Lakes v. Bd. of Envtl. Prot., 2010 ME 18, ¶ 13, 989 A.2d 1128 (where the court reviews the agency's findings of fact, the court "must examine the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did").

December 22, 2016. Respondent Lynch filed his brief on December 22, 2016. Petitioner filed a reply brief on January 4, 2017.

DISCUSSION

1. Standard of Review

The court reviews a municipality's decision to approve a variance for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Summerwind Cottage, LLC v. Town of Scarborough, 2013 ME 26, ¶ 11, 61 A.3d 698. The interpretation of municipal ordinances is a question of law, which the court reviews de novo. Nugent v. Town of Camden, 1998 ME 92, ¶ 7, 710 A.2d 245. In interpreting an ordinance, the court looks "first to the plain meaning of its language to give effect to the legislative intent, and if the meaning of the statute or ordinance is clear, [does] not look beyond the words themselves." Wister v. Town of Mt. Desert, 2009 ME 66, ¶ 17, 974 A.2d 903. "The judgment of the court may affirm, reverse, or modify the decision under review or may remand the case to the governmental agency for further proceedings." M.R. Civ. P. 80B(c).

2. Rule 80B Appeal

Petitioner argues that the Board failed to (1) make the threshold finding, as required by state statute and respondent Town's ordinance, that enforcing the setback requirements would create a practical difficulty and (2) analyze the proposed additions separately.[2] (Pet'r's Br. 8-17.) Under the section "Practical Difficulty Variance," respondent Town's zoning ordinance provides, in part:

---

[2] Petitioner argues that the proposed additions would cause the dwelling to violate the 38-foot building depth limit. The parties dispute whether he raised this issue before the Board. See (Pet'r's Br. 16-17; Resp't Town's Br. 11; Pet'r's Reply 6-7); (R. 89; Scarborough, Me., Higgins Beach Ordinance § XVIB); Tarason v. Town of S. Berwick, 2005 ME 30, ¶¶ 7-8, 868 A.2d 230. The minutes reflect there was discussion "about the maximum building length." (R. 7.) Accordingly, this issue should be addressed on remand.

3

In addition to the provisions of Section V(B)(1 through 5) of this Ordinance, the board of appeals may grant a variance from the dimensional standards of this ordinance when strict application of the provisions of the ordinance would create a practical difficulty, as defined herein, and when all the following conditions are found to exist:

1. The need for a variance is due to the unique circumstances of the property, and not to the general conditions in the neighborhood;
2. The granting of a variance will not produce an undesirable change in the character of the neighborhood and will not have an unreasonably detrimental effect on either the use or fair market value of abutting properties;
3. The practical difficulty is not the result of action taken by the applicant or a prior owner;
4. No other feasible alternative is available to the applicant, except a variance;
5. The granting of a variance will result in bringing the applicant's property more nearly into conformance with surrounding properties;
6. The granting of a variance will not have an unreasonably adverse effect on the natural environment; and
7. The property is not located, in whole or in part, within a shoreland area, as defined in 38 M.R.S.A. § 435, or flood hazard zone, as defined in the Town of Scarborough Floodplain Management Ordinance.

(R. 64; Scarborough, Me., Zoning Ordinance § V(B)(6)(a) (Sept. 7, 2016).)[3] The ordinance defines "practical difficulty" as a "case where strict application of the dimensional standards of the ordinance to the property for which a variance is sought would both preclude a use of the property which is permitted in the zone in which it is located and also would result in significant economic injury to the applicant." (R. 64; Scarborough, Me., Zoning Ordinance § V(B)(6)(b).)

The record reflects that the Board found each of the seven conditions were met, but did not make an explicit finding that strict application of the ordinance would create a practical difficulty, i.e., that it would preclude a use of the property which is permitted in the zone and would result in significant economic injury to respondent Lynch. (R. 12-13.) Respondent Town

---

[3] The ordinance mirrors the statute, except that the statute does not include the fifth condition in the ordinance. See 30-A M.R.S. § 4353(4-C) (2015).

essentially asks the court to infer this finding from the Board's findings with regard to the seven conditions. (Resp't Town's Br. 8-11.)

The extent to which the court may infer findings is not entirely clear. Compare York v. Town of Ogunquit, 2001 ME 53, ¶ 14, 769 A.2d 172 ("If there is sufficient evidence on the record, the Board's decision will be deemed supported by implicit findings."), and Thacker v. Konover Dev. Corp., 2003 ME 30, ¶ 10 n.4, 818 A.2d 1013 (remand unnecessary where findings consisted of "a preprinted checklist of findings without any original findings based upon the administrative record" because facts underlying the Board's conclusions were easily identified from the record), with Gensheimer v. Town of Phippsburg, 2005 ME 22, ¶ 25, 868 A.2d 161 ("When administrative agencies are required to make findings of fact to support a decision, the findings must be adequate to indicate the basis for the decision and to allow meaningful judicial review."), and Chapel Rd. Assocs. v. Town of Wells, 2001 ME 178, ¶ 13, 787 A.2d 137 ("A court should not ... review the matter by implying the findings and grounds for the decision from the available record.").

In interpreting a nearly identical ordinance,[4] the Superior Court has held that the failure of the City of South Portland Board of Zoning Appeals to make a finding of practical difficulty required remand because the court was not permitted to infer necessary findings. Wiper v. City of S. Portland, No. AP-05-10, 2005 Me. Super. LEXIS 155, at *9-10 (Oct. 31, 2005). In Wiper, the court declined to infer a finding of practical difficulty even though it was clear from the record that the existing structure did not comply with setback requirements, the septic system prevented expansion into a portion of the property permitted by the setback requirements, and the parties opposing the variance had conceded that some type of variance was necessary and

---

[4] The City of South Portland's ordinance does not include the fifth condition in respondent Town's ordinance, but is otherwise identical.

5

had not challenged the adequacy of the Board's findings on appeal. Id. at *6-9. The court declines to infer necessary findings from this record. Chapel Rd. Assocs., 2001 ME 178, ¶ 13, 787 A.2d 137.

### 3. Motion to Strike

Respondent Lynch argues that he did not agree to the record before it was filed. (Mot. Strike 1.) Rule 80B(e)(2) provides: "The parties shall meet in advance of the time for filing the plaintiff's brief or motion for trial of the facts to agree on the record to be filed." M.R. Civ. P. 80B(e)(2). Based on the responses from petitioner and respondent Town, the parties did meet and there was no dispute that the record was accurate. Respondent Lynch has not identified which portions of the record he finds objectionable or which documents he believes were omitted or should be added. The documents contained in the record are either required or permitted by the rule. M.R. Civ. P. 80B(e)(2).

## CONCLUSION

The Board's decision does not include an explicit finding that strict application of the ordinance would create a practical difficulty, and the court may not infer that finding from the record. In the absence of a transcript of the hearing, the court is reluctant to conclude, as petitioner requests, that there is no evidence in the record to support the request for the variance and that the case should be remanded with instructions to deny the variance request. (Pet'r's Br. 4, 12, 14, 17; Pet'r's Reply 5, 7.) Accordingly, the Board's decision is vacated and the case remanded for further findings as to whether enforcing the setback requirements would create a practical difficulty as that term is defined in section V(B)(6)(b) of respondent Town's zoning ordinance. The Board should make findings with regard to all proposed additions. The court denies respondent Lynch's motion to strike.

6

The entry is

> This case is REMANDED for further proceedings consistent with this Decision and Order.

Respondent Lynch's Motion to Strike is DENIED.

Date: March 13, 2017

Nancy Mills
Justice, Superior Court

Date Filed: 10/13/2016     CUMBERLAND
COUNTY

**JUSTICE MILLS**
Docket No. AP16-0040

Action: 80B APPEAL

MARK G FUREY

INHABITANTS OF THE TOWN OF
SCARBOROUGH
THE SCARBOROUGH ZONING BOARD
OF APPEALS
STEPHEN LYNCH

vs.

---

Plaintiff's Attorney

Defendant's Attorney

EDWARD S MACCOLL ESQ
THOMPSON MACCOLL & BASS LLC PA
PO BOX 447
PORTLAND ME 04112

PHILIP SAUCIER ESQ (TOWN)
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME 04104-5029


STEPHEN LYNCH, PRO SE
14 PEARL ST
SCARBOROUGH ME 04074